[No. 3687.]

## Charley Robinson v. The State.

1. PRACTICE.—If the offense charged be one consisting of different degrees, the statute (Code of Criminal Procedure, Article 713) which declares that "the jury may find the defendant not guilty of the higher (naming it) but guilty of any degree inferior to that charged in the information or indictment" is not mandatory so far as acquittal of the higher degree is concerned, but the finding of the lesser degree is *per se* an acquittal of the higher.

2. SAME.—Article 783, which declares that "the effect of a new trial is to place the cause in the same position in which it was before any trial had taken place," does not apply in cases admitting of degrees where a party, having been convicted of a lesser degree, is accorded a new trial. In such cases the rule is that the case stands for trial upon the degree for which the conviction was had, and the degrees inferior thereto; and that, with respect to such degrees, the case stands as if no previous trial had been had.

3. SAME—PLEAS OF AUTREFOIS ACQUIT AND CONVICT are special pleas allowable, and in most instances required, in subsequent prosecutions for an offense which has before been tried in some other tribunal, or in the same court under another and distinct proceeding from the case in which the pleas are interposed, and where they are essential in order to present before the court matters *dehors* the record then before the court. Such pleas are unnecessary and not required in the same tribunal when the record then within the judicial knowledge of the court presents all the facts concerning the former trial and its results. In such cases the court is bound to take cognizance of the facts; they are a part and parcel of the case before the court, and the defendant is not required to plead them.

4. SAME.—Having been previously tried in the same court for aggravated assault, and acquitted of that charge by his conviction for simple assault, the defendant could not, upon the award of a new trial, be tried again for aggravated assault, notwithstanding he did not plead the former acquittal of the latter offense.

APPEAL from the County Court of Montague. Tried below before the Hon. Griffin Ford, County Judge.

The conviction in this case was for an aggravated assault upon the person of Allen Quisenberry, and the penalty assessed by the jury was a fine of twenty-five dollars.

The opinion discloses the case.

*Stephens, Matlock & Herbert,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Appellant was twice tried in the county court upon the same information, which charged him with an aggravated assault.    Upon the first trial, the verdict and judgment of conviction were for a simple assault.    In said verdict and judgment there was no express acquittal of the charge of aggravated assault, nor was any mention made of it; they were simply silent in regard to it.    Defendant made a motion for a new trial, and his motion was granted.

On the second trial, defendant filed no plea of former acquittal of the charge of aggravated assault, nor did the court instruct the jury that he had been acquitted of said charge; nothing was said about the matter.    This second trial resulted in a conviction for aggravated assault, and appellant contends that such conviction is illegal.

It is contended by the State: 1. That the former conviction for simple assault having been set aside on motion of defendant for a new trial, the case then stood as if it had never been tried, and was triable again for the aggravated assault.    2. That, to have availed of the matter on the second trial, defendant should have pleaded specially his former acquittal of the aggravated assault, and that, not having done so, he can not raise the question either on his motion for new trial or on this appeal.

It was not necessary that the verdict and judgment on the first trial should expressly acquit defendant of aggravated assault in order to have that effect, because the finding of the lesser grade was tantamount to a direct acquittal of the higher. Where an offense of different degrees is charged, the statute which declares that " the jury *may* find the defendant not guilty of the higher (*naming it*), but guilty of any degree inferior to that charged in the information or indictment" (Code Crim. Proc., Art. 713), is not mandatory so far as acquittal of the higher degree is concerned, the finding of the lesser being *per se* an acquittal of the higher.

Whilst it is true that our statute declares that "the effect of a new trial is to place the cause in the same position in which it was before any trial had taken place" (Code Crim. Proc., Art. 783), still, this statute has never been held to apply in cases admitting of degrees, where, a party having been convicted of a lesser degree, is accorded a new trial.    In such cases the rule is, and always has been in this State, that the case stands for trial only upon no higher degree than that of which the

party was convicted, and that, as to such degree, and all involved in it, the case stands as if no previous trial had taken place.

In the early case of Jones and Jones v. The State, 13 Texas, 168, it was said: "The finding of not guilty of the higher offense is so far a discharge of the prisoner—a discharge of the offense, and it would not be supposed for a moment that he would be dissatisfied or aggrieved thereby; and we have no authority for trying him again for the offense. If he should, under a hardly conceivable infatuation, ask for it, the courts would say: 'You have been acquitted; we can not try you again for that offense.' But, for the offense of which he has been found guilty, he has a right to ask for a new trial. The courts, in a proper case, ought to grant it, and can try him again for the offense of which he has been convicted, but no other."

Was it necessary in this case that defendant should have specially pleaded his former acquittal of aggravated assault? We think not. Both trials were had in the same tribunal and upon the same information. Judicial cognizance should have been taken of the previous action of the court, and what had transpired therein with regard to the case, and especially such proceedings as appeared of record in the case.

Special pleas of former acquittal or conviction, as are provided for by statute (Code Crim. Proc., Art. 525), are pleas allowable, and in most instances required, in subsequent prosecutions separately instituted for an offense which has before been tried in some other tribunal, or in the same court under another and distinct proceeding from the case in which the pleas are interposed, and where they are essential in order to present before the court matters *dehors* the record before the court. Such pleas are unnecessary, and are not required in the same tribunal where the record then before, or within the judicial knowledge of the court, presents all the facts concerning the former trial and its result. In such case the court is bound to take cognizance of the facts, they are a part and parcel of the case before the court, and the defendant is not required to plead them.

Because the defendant could not again be tried in the same case and court for aggravated assault, he having been acquitted of said offense by the previous judgment against him for a simple assault, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*