25 537
31 483

## No. 6050.

### HYMAN SAMUELS *v.* THE STATE.

1. PRACTICE—PLEADING—FORMER CONVICTION is a defense which must be *specially* pleaded, and the plea must be verified by the affidavit of the defendant. The only exception to this rule is that if the accused has been convicted of an offense inferior in degree to that charged, and the judgment has been reversed or a new trial awarded, he is not required, when placed on trial again in the same case and the same court, to plead former acquittal of the greater offense.

2. ASSAULT.—A single "difficulty" does not necessarily signify but a single assault. On the contrary, a number of assaults may grow out of a single "difficulty," and a conviction be had for each assault.

APPEAL from the County Court of Falls. Tried below before the Hon. John N. Wharton, County Judge.

The opinion states the case. The penalty assessed was a fine of five dollars.

*J. A. Martin*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was tried and convicted for a simple assault upon an information presented in the county court of Falls county, charging him with aggravated assault and battery upon one Joe Richardson with a knife, a deadly weapon. The only plea interposed to the information was "not guilty."

The learned judge instructed the jury as to aggravated assault and battery, and also as to what is commonly known as simple assault. Counsel for appellant objected to any charge upon the latter, contending that defendant must be convicted of the aggravated offense or be acquitted.

There is no statement of facts in the record, but it appears from the bill of exception that defendant had pleaded guilty before the mayor of the city of Marlin to a simple assault and battery, and was fined five dollars. The bill states that defendant "had pleaded guilty to a simple assault and battery on said Richardson, *growing out of the same difficulty*."

We hold:  1.  That the accused must specially plead former conviction.  (Code Crim. Proc., art. 525.)  This plea must be verified by the affidavit of the defendant.  (Art. 526.)  That former conviction or acquittal must be specially pleaded is the common law rule.  That the State proves the former conviction does not alter the rule.  This rule has this exception:  When the accused has been tried and convicted of a less offense than that charged, if the judgment is reversed or a new trial awarded, when again placed on trial in the same case and the same court, he need not plead the acquittal of the greater offense.

2.  A number of assaults may grow out of or result from the same difficulty, and still be separate and distinct transactions, for which the parties thereto may for each transaction be prosecuted to conviction.

There is no error for which this judgment should be reversed. The judgment is affirmed.

*Affirmed.*