### ANDRES DE LEON v. THE STATE.

#### No. 4080.    Decided December 12, 1908.

**1.—Assault to Murder—Former Conviction—Practice in District Court.**

Where a trial is had a second time in the same court and on the same indictment, no plea of former jeopardy or former conviction need be pleaded, because the whole record is before the court. Following Robinson v. State, 21 Texas Crim. App., 160.

**2.—Same—Grade of Offense—Acquittal.**

Where upon trial for assault with intent to murder the record showed that the defendant had been convicted upon a former trial of aggravated assault in the same case, he was by law acquitted of assault with intent to murder and could not thereafter be legally put on trial for the offense of assault with intent to murder.

Appeal from the District Court of Atascosa. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. W. Preston, Jas. A. Waltom* and *N. A. Rector,* for appellant.— Cited authorities in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Atascosa County on a charge of assault with intent to murder one Gaspar Cruz. He was tried, and on the 16th day of April, 1908,

found guilty as charged and his punishment assessed at confinement in the penitentiary for two years.

1. A reversal of the judgment of conviction is sought on the ground that the court erred in submitting to the jury the issue of assault with intent to murder, because as claimed defendant had been convicted at the fall term, 1907, of the District Court of Atascosa County, of aggravated assault in this case and had at the same time filed his motion for a new trial which was granted and the verdict of conviction set aside, and that these proceedings result, as a matter of law, in an acquittal of the higher grade of the offense charged and that he was no longer subject to be prosecuted for the crime of assault with intent to murder. It is sufficient answer to this contention to say that the record, as same appears before us, does not support this contention further than the bare recital of the alleged facts as they appear in the motion for a new trial. The judgment of conviction, as claimed, for aggravated assault does not appear in the record, nor, indeed does any proof of it by bill of exceptions, affidavit or otherwise than the mere statement in the motion for a new trial. We think if appellant had been convicted on this charge of aggravated assault and no judgment had been entered thereon, that the proper practice would have been for him to have filed a motion in the case asking that the record be perpetuated and a judgment of conviction thereon entered. This, however, was not done, and so far as we can know, no former trial was ever had. It is stated in the brief of appellant that the record, even as amended, does not embrace a certified copy of the judgment of conviction of aggravated assault, nor does it embrace a certified copy of the minutes of the court usually entered by the judge on his trial docket. These, it is stated, by reason of an oversight on the part of the clerk and the judge, were not entered, but it is said that affidavits were made as to said proceedings, and that these were part of the record of the case. We do not, however, find such affidavits in the proceedings, nor do we believe that the validity of the proceedings could have been impaired or attacked by mere ex parte affidavits.

2. The only other ground of the motion for a new trial is that the verdict of the jury is not supported by the evidence. We have carefully examined the record and are not prepared to say that the evidence does not support the conviction. It may be conceded that the testimony of the prosecuting witness and some of his kinsmen who were with him is improbable. He testifies in substance that five persons were attacking himself and two brothers with knives, each about a foot long and that there had been no feeling of enmity or ill-will between them prior to the date of the offense charged. The evidence shows that Gaspar Cruz, with his brothers, went to the house of one F. Aguerro, where they understood there was to be a dance and that among other persons whom they met while there, were the appellant and his brothers, Bonifacio, Acquio and

Sebreion; and that after he had left with his brothers Juan Hose Cruz and Antonio Cruz, and had gone some little distance they saw five men and they rushed upon them with knives calling to them at the same time to stop, "Ijos de Chingados;" that when they first saw them they had knives a foot in length; that he and his brothers ran towards the house of one Francisco Botello and that all five ran after them and caught up with them and in the assault which ensued they stabbed him, from which wound he was in bed twenty days and was not at the time of the trial able to work. This testimony was confirmed by other witnesses and makes the case, we believe, of assault to murder.

We believe there is no error in the record justifying a reversal of the case and it is therefore affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

##### December 12, 1908.

RAMSEY, JUDGE.—This case was affirmed by us at a former day of the present term. As originally submitted there was nothing in the record to show the former conviction of appellant of aggravated assault in the case except certain affidavits. We held, in substance, that the fact of such conviction could not be made to appear by ex parte affidavits. In the motion now filed it is made to appear and accompanying the motion is a certified copy of the record that appellant was on November 17, 1907, in this cause, convicted of an aggravated assault and his punishment assessed at a fine of $100 and thirty days confinement in the county jail. It has been held in this State, and such seems to be the settled rule that where a trial is had a second time in the same court and on the same indictment, no plea of former jeopardy or former conviction need be pleaded, because the whole record is before the court and as appears in this case was before the same judge on both trials. Robinson v. State, 21 Texas Crim. App., 160. It is agreed in this case that the certified copies attached to the motion for rehearing shall be considered as part of the record to the same extent as if before this court by writ of certiorari. So construing the record, it is obvious that the conviction on the first trial of assault with intent to murder can not stand. A conviction of aggravated assault was in substance and effect an acquittal of the more serious charge of assault with intent to murder and appellant could ·not thereafter legally be put on trial again in the case for the offense of assault with intent to murder. Code Criminal Procedure, article 762.

It is therefore ordered that the motion for rehearing be and the same is hereby granted and the judgment of conviction set aside and the case remanded for proceedings in accordance with the law.

*Reversed and remanded.*