**Andrew Jackson DUCKETT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42829.**

Court of Criminal Appeals of Texas.

May 6, 1970.

Sidney C. Farrar, Jr., Fort Worth, for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock, Truman Power and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for assault with intent to murder with malice.

The punishment was assessed at 25 years' confinement in the Texas Department of Corrections.

This is a companion case to Duckett v. State, Tex.Cr.App., 454 S.W.2d 753 (No. 42,828) this day decided.

After the appellant had been admonished of the consequences of his guilty plea in the companion case wherein he was charged with robbery by assault with a firearm, the prosecutor inquired "Your Honor, the assault to murder is *the same transaction.* I was wondering if we could do it all at the same time?" (emphasis supplied) Thereafter the appellant, having waived trial by jury, entered a plea of guilty to this indictment charging him with assault to murder Leonard Cash on December 23, 1968. By agreement both cases were heard together and the evidence offered to sustain both guilty pleas before the court was the same. Such testimony is set out in the opinion rendered in the companion case. The court first found the appellant guilty of the robbery charge and pronounced sentence and then subsequently found the appellant guilty of the offense alleged in this indictment. The sentences were permitted to run concurrently.

When notice of appeal was given the court appointed the same counsel who had represented the indigent appellant at the trial by appointment.

As in the companion case, such counsel determined this appeal to be frivolous and without merit and he and the court followed the same procedure described in the companion case.

Unlike the companion case, we cannot agree after a full examination of the record that this appeal from the second conviction is wholly without merit. This is so because "[t]he prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once." 1 Branch's Ann.P.C., 2nd ed., Sec. 654, p. 625. Fleming v. State, 168 Tex.Cr. R. 595, 330 S.W.2d 457. See also Article I, Sec. 14, Texas Constitution, Vernon's Ann.St., for an accused cannot be placed in jeopardy for the same criminal act. Grisham v. State, 19 Tex.App. 504; Article 1.-10, Vernon's Ann.C.C.P.

Still further, in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, the United States Supreme Court declared the double jeopardy provisions of the Fifth Amendment applicable to the States overruling Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, accorded the Benton holding full retroactive effect. See also Ashe

v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469.[1]

The indictment for assault to murder in the case at bar and the indictment for robbery by assault were based upon the same assault and transaction and the same proof was used to support both convictions.

As pointed out in 1 Branch's Ann.P.C., 2nd ed., Sec. 654, p. 625, "If continuous assaults are made on the same person in the same transaction with the same or different means, the State can carve but one conviction."

In Paschal v. State, 49 Tex.Cr.R. 911, 90 S.W. 878, it was held a conviction for aggravated assault barred a prosecution for assault with intent to murder based on the same acts. The court said:

"This is one continuous transaction, within the contemplation of the clause of the Constitution which inhibits a second trial for the same offense; and, being such, the state cannot be permitted to prosecute again for assault with intent to murder. The State can carve the minor part of the transaction and convict on that, or can carve the major part of the transaction and convict on that. However, the State can carve only the one time."

In Herera v. State, 35 Tex.Cr.R. 607, 34 S.W. 943, it was written:

"Applying the test to ascertain whether or not the indictments are for the same offense, it will be seen that in the second case, charged against the appellant, to sustain the robbery it was necessary to prove the assault. Indeed, the robbery could not be sustained without proof of the same assault for which appellant had previously been convicted on a charge for assault with intent to murder. The offenses, in part, at least, are of a like character. They relate to one transaction. And, while the charge of robbery contains more of criminality than the other, yet upon the assaulting part of the charge, upon which the robbery only could be sustained (though embraced in it), the assault with intent to murder is predicated.

The offenses, though bearing different names, would appear, by the rule laid down within our constitutional guaranty, the same."

In Moore v. State, 33 Tex.Cr.R. 166, 25 S.W. 1120, 1121, the conviction was for assault with intent to murder. The defendant Moore had been previously convicted of robbery from the same person. There it was written:

"It has been well said that 'the assault or violence in the robbery case being an essential element or ingredient of the offense, and constituting an important and material part of that offense, as it does in the offense of assault with intent to commit murder, and having been once punished in the robbery case, as a material part thereof, it cannot be again punished, as it would be if the judgment below were allowed to stand.' "

The same rule was applied in Doggett v. State, 130 Tex.Cr.R. 208, 93 S.W.2d 399, which involved convictions for murder and robbery with a firearm. There the State relied upon the same evidence and the same transaction as that previously used. In that case, as under similar circumstances in the case at bar, the victim was shot when he failed to comply with the order to put up his hands and the money was then taken. See also Taylor v. State, 41 Tex.Cr.R. 564, 55 S.W. 961.

The inhibition against double jeopardy is determined by the facts and circumstances and not by the name of the offense. The record before us in the case at bar portrays a definite illustration of the application of the principle that when one has been convicted, the State cannot, upon the

---

1. In Ashe v. Swenson, supra, the doctrine of collateral estoppel was held a basic and essential part of the Constitution's prohibition against double jeopardy.

same evidence, again convict him of the same act. The proof is conclusive that in appellant's conviction for assault to murder he was convicted of the same transaction and upon the same evidence as that upon which he was earlier convicted of the offense of robbery by assault with a firearm.

The question here presented was not raised as an error that "might arguably support the appeal" in appellant's counsel's brief in which he determined the appeal to be frivolous or in the pro se brief except as the same might be germane to the general claim of the ineffective assistance of counsel.

█ We are not precluded from reviewing the same, however, since the question involves both a violation of the State as well as the Federal Constitutions and would certainly require our review "in the interest of justice." See Article 40.09, Sec. 13, V.A.C.C.P.

█ Further, in light of the decision of the United States Supreme Court holding the double jeopardy provisions of the Fifth Amendment applicable to the States "as a fundamental ideal in our constitutional heritage," Benton v. Maryland, supra, and the undisputed facts and circumstances of the particular record before us, the constitutional right cannot be denied for failure to comply with a state statute (i. e., Article 27.05, V.A.C.C.P.),[2] nor is the concurrent sentence doctrine a jurisdictional bar thereto. See Benton v. Maryland, supra.

In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the duty of court appointed counsel on appeal who determines such appeal to be frivolous is discussed. There the Supreme Court held that if the reviewing court found any of the legal points arguable on the merits (and therefore not frivolous), it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

 To follow such a requirement in the case at bar would represent a mere spinning of the judicial wheels since we conclude from the record before us that the cause must be reversed and the prosecution ordered dismissed.[3]

It is so ordered.

---

2. There was, of course, no special plea of former conviction entered by the appellant, but the second conviction (even though upon a separate indictment) was in the same court, on the same day based on the same evidence reflecting the same act. Under such circumstances, it would appear that a special plea would be required. Cf. DeLeon v. State, 55 Tex.Cr. R. 39, 114 S.W. 828; Robinson v. State, 21 Tex.App. 160, 17 S.W. 632; Vela v. State, 49 Tex.Cr.R. 588, 95 S.W. 529;

Samuels v. State, 25 Tex.App. 537, 8 S.W. 656.

3. We recognize the propriety of our holding must rest upon the finality of the robbery conviction in the companion case (No. 42,828). If, for any reason, the affirmance of that conviction is set aside the State would not be precluded from urging the validity of the conviction in the case at bar.