Hubert L. SHAFFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44183.

Court of Criminal Appeals of Texas.

Feb. 23, 1971.

Rehearing Denied April 12, 1972.

---

**874**  ■

Michael S. Thorne, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joe S. Moss and Jim Skelton, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the state.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. Trial was before a jury, with punishment assessed by the court at five years, which was probated.

Appellant raises two grounds of error, both of which concern the principle of collateral estoppel.

Prior to trial, appellant filed an unsworn "Motion to Dismiss" in which he alleged that he had previously been tried and acquitted of the offense of misdemeanor theft in County Criminal Court No. 4 and no evidence was offered on such motion. He contended that the element of intent in the theft case and the element of intent in the burglary case were the same and that the prior acquittal was res judicata as to the issue of intent, relying on Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). He contended that the doctrine of collateral estoppel applied, and that to re-litigate the issue would place him twice in jeopardy. He did not specifically allege in his motion that the prior acquittal arose out of the same transaction as the burglary charge. Subsequent to the trial, appellant moved to include in the record of the present case the record of the prior misdemeanor case. The court ordered that the statement of facts be so included, and the statement of facts was forwarded to this Court on appeal.[1] That

---

1. The text of appellant's motion to include the statement of facts recited the need for the statement of facts in order to show collateral estoppel. The prayer of the motion requested that the record of the prior cause be included. The order of the court ordered only that the statement of facts be included. No objections to the record by appellant are shown, so we presume that it was prepared to his satisfaction.

record indicates that the prior trial did arise out of the same transaction.

■ We find that the issue of collateral estoppel is not properly before this Court, and therefore will not be considered. There are two reasons which lead us to this conclusion. First, there is no evidence in the record to indicate the final disposition of the earlier case. Secondly, there is no evidence to indicate that the prior case arose out of the same transaction.

■ The case law requires that the defendant go forth with evidence in support of his allegation of former jeopardy. Villarreal v. State, 172 Tex.Cr.R. 213, 355 S.W.2d 516 (1962); Davis v. State, 120 Tex.Cr.R. 330, 49 S.W.2d 805 (1932); Skelton v. State, 110 Tex.Cr.R. 621, 10 S. W.2d 554 (1928). This apparently is also the Federal Rule. See, Rothaus v. U. S., 319 F.2d 528 (5th Cir. 1963); Reid v. United States, 177 F.2d 743 (5th Cir. 1949). It likewise follows that a plea of collateral estoppel, being one form of former jeopardy, should be supported by evidence. In the present case, appellant offered no evidence in support of his unverified motion. There was no testimony as to the alleged prior acquittal, nor any certified records which would indicate the acquittal. The statement of facts from the prior trial, even if properly included in the record, contains neither the verdict of the jury nor the information upon which the trial was based. There is nothing in the record to indicate that appellant sought to offer evidence in support of his motion.

■ We also note that the statement of facts of the prior case which was filed after the trial, even if sufficient in form, was not properly before the trial court. Evidence presented after the trial obviously comes too late for the determination of fact issues which such evidence may raise, and cannot be considered. See, Galloway

v. State, 420 S.W.2d 721 (Tex.Cr.App. 1967); Hill v. State, 79 Tex.Cr.R. 555, 186 S.W. 769 (1916).

■ While the defense of former jeopardy is of federal constitutional dimension, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), nevertheless, we feel that appellant's failure to comply with our procedural requirements precludes consideration of the merits of the defense.

■ The requirement that the defendant present evidence in support of his allegation of former jeopardy serves a legitimate state interest. The trial court has no way of knowing that the allegations in the plea are true. The facts of the former jeopardy are certainly known to the defendant, and often are known to him alone. That he be required to come forward with evidence is only reasonable. Further, that he be required to come forward before the trial is not arbitrary in light of the fact that the trier of fact may need to determine issues such as the truth of the witnesses, or the identity of the defendant.

■ That the procedural requirements which must be followed are not "arid ritual[s] of meaningless form" [see, Staub v. City of Baxley, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958); and Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L. Ed.2d 408 (1965)] is evidenced by the holdings of this Court that former jeopardy need not be specially pled in those instances where the trial court either knows or should know of the former proceeding, such as in those cases where the former jeopardy arose in the same case. Duckett v. State, 454 S.W.2d 755 (1970); De Leon v. State, 55 Tex.Cr.R. 39, 114 S.W. 828 (1908); Vela v. State, 49 Tex.Cr.R. 588, 95 S.W. 529 (1906); Robinson v. State, 21 Tex.App. 160, 17 S.W. 632 (1886); Samuels v. State, 25 Tex.App. 537, 8 S.W. 656 (1888).[2] Thus, the rule does not apply in

2. We note that footnote number 2 on page 758 of Duckett v. State, 454 S.W.2d 755 (Tex.Crim.App.1970), which cites the

cases cited here, incorrectly states, either as a result of oversight or typographical error, that a special plea under such cir-

those circumstances where it is unnecessary, or where its enforcement would serve no purpose.

In Duckett v. State, supra, this Court stated:

"Further, in light of the decision of the United States Supreme Court holding the double jeopardy provisions of the Fifth Amendment applicable to the States 'as a fundamental ideal in our constitutional heritage,' Benton v. Maryland, *and the undisputed facts and circumstances of the particular record before us,* the constitutional right cannot be denied for failure to comply with a state statute (i. e., Article 27.05, V.A.C. C.P.)." 454 S.W.2d 755, 758 (emphasis added).

We should like to clarify that holding so as to make clear the fact that the state statute cannot seek to bar the assertion of a federal right in those circumstances where the enforcement of the rule would serve no purpose. However, Duckett should not be read as holding that the fact that a right is of constitutional dimension will, in itself, always justify the disregarding of our procedural rules. The test is whether the enforcement of the rule serves a legitimate state interest, or whether, under the circumstances of the particular case,

the disregard of the rules did not affect such state interest.[3] In Duckett, supra, the two convictions were in the same court, on the same day, before the same judge, and were based on the same evidence. Clearly, the enforcement of the statutory requirements in that case would have served no state interest whatsoever. In the case at bar, however, such is not the case. The alleged former acquittal did not occur in the same court, and no evidence concerning the verdict in that cause was ever offered. The trial court had no way of knowing of the prior proceeding other than by way of evidence offered by appellant.

In Galloway v. Beto, 421 F.2d 284, 288 (5th Cir. 1970), cert. denied, 400 U.S. 912, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), the Court of Appeals for the Fifth Circuit held, in a habeas corpus proceeding, that the defense of former jeopardy was sufficiently raised in a Texas court by a pretrial motion to strike part of the indictment, and by affidavits which had been filed [apparently with the appellate brief filed in the trial court after the trial. See Galloway v. State, 420 S.W.2d 721 (Tex. Cr.App.1967)]. The court cited no authority for its holding. It may have been that the case had been previously tried in the same court, which would seem to make the holding fall within the category of

cumstances would be required. The footnote should read: "Under such circumstances, it would appear that a special plea would [*not*] be required."

3. Articles 27.05 and 27.06, Vernon's Ann. C.C.P., require that the defenses of prior acquittal or prior conviction be specially pled. In that collateral estoppel is arguably distinguishable from those two pleas, we will not consider the effect of appellant's failure to verify his plea. Since no evidence was offered in support of the plea, a decision can be reached on that fact alone. However, we feel that the requirement that those pleas be verified will, in certain cases, bar consideration of the constitutional defense. The requirement that the special plea be verified serves a legitimate state interest. By requiring that the plea be verified, the State assures that defenses such as double

jeopardy, which often require a hearing, or require that evidence other than evidence concerning the case at bar be heard, will not be raised frivolously or without an element of good faith. Such requirement seeks to prevent the raising of such a defense in bad faith, and the resulting delay of hearing evidence on a plea without merit. The penalties of perjury are used as a deterrent to those who might otherwise file a multitude of frivolous motions or pleas, each of which would normally require the taking of evidence, in the hope that the trial court would refuse a hearing on the motion. Such a tactic would often be a means of assuring a reversal, even though the motions were without merit. The requirement of verification serves two purposes. It notifies the trial court that the motion is filed in earnest and it serves as a deterrent to frivolous motions.

Duckett v. State, supra, but this fact cannot be ascertained with certainty in either the State or the Federal opinion.

In Douglas v. Alabama, 380 U.S. 415 at 422, 85 S.Ct. 1074, at 1078, 13 L.Ed.2d 934 (1965), the United States Supreme Court, referring to the adequacy of state procedural bars to the assertion of a federal right, stated:

"In determining the sufficiency of objections we have applied the general principle that an objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review."

The Court held that a state rule requiring an objection after each of a series of improper questions did not serve a legitimate state interest. In the instant case, the motion alone, deficient itself, and without any supporting evidence, was not sufficient to bring the matter to the attention of the trial court. We feel that a requirement that the movant offer evidence in support of his claim serves a legitimate state interest in that it enables the trial court to have some basis for ruling on the claim. There is no showing that appellant was prevented from offering evidence, or that he pursued the matter at trial. Therefore, the matter was not properly raised in the trial court.

■ We conclude that the defense of former jeopardy is not of such nature that the failure to comply with a procedural requirement can *never* preclude its being raised. It is a right that can be waived. The cases decided under Federal Rule of Criminal Procedure 12(b) (2) lend support to this conclusion. See e. g., Mahoney v. United States, 137 U.S.App.D.C. 3, 420 F. 2d 253 (1969); Grogan v. United States, 394 F.2d 287 (5th Cir. 1967), cert. denied, 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100; Haddad v. United States, 349 F.2d 511

(9th Cir. 1965), cert. denied, 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153 (1965).

Therefore, since there were no circumstances which would justify the failure to comply with our procedural rules, the grounds of error will not be considered on the merits.

There being no other grounds raised on appeal, the judgment is affirmed.