## Ex parte James Roger FARRIS.

### No. 52246.

Court of Criminal Appeals of Texas.

July 7, 1976.

Don L. Jarvis and Ray F. Grisham, Sherman, for appellant.

Joe Max Shelton, County Atty., Ralph Petty, Jr., Asst. County Atty., Sherman, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

2. Cf. *Henderson v. Morgan,* —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108, 1976, 19 Cr.L. 3133.

OPINION

GUPTON, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner's sole contention is that he has been placed in double jeopardy by being convicted of the offense of murder with malice in Cause No. 28,774 and robbery by firearms in Cause No. 28,773, with both offenses arising out of the same transaction upon the same victim, Fred Wright.

The question of law presented in this cause is the same as was decided in the case of petitioner's co-defendant, Michael Jewel. In *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr. App.1976), this Court held that the robbery by firearms conviction must be vacated since petitioner therein had been previously convicted of the murder of Fred Wright, which occurred during the robbery, for the reason that the subsequent prosecution would have been barred by the carving doctrine as set out in *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr.App.1970).

The facts in the case at bar are exactly the same, except for the trial dates; therefore the same result must occur. The relief sought is granted. Petitioner's conviction in Cause No. 28,733, for the offense of robbery by firearms in which he received a 99 year sentence, is hereby declared void and said indictment is dismissed.

IT IS SO ORDERED.