**Ex parte Donald Ray WILSON.**

**No. 60173.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 28, 1979.

---

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P. Petitioner's sole contention is that he has been placed in double jeopardy by being convicted of robbery by assault in Cause No. 189276 after previously being convicted in Cause No. 189275 for the offense of assault to murder. Both offenses arose out of the same transaction and upon the same victim, Alice Randolph.

The record now before the court supports the petitioner's allegations. The State has filed an answer pursuant to Art. 11.07, supra, conceding that petitioner was convicted of assault with intent to murder and robbery by assault, wherein both offenses arose out of the same transaction. The trial court made findings that both offenses arose out of the same transaction; however, the conviction in Cause No. 189275 was prior to the conviction in Cause No. 189276.

This Court has held many times that the State is barred by the carving doctrine in prosecuting the petitioner of robbery by assault after he has been convicted for the offense of robbery with intent to murder when both offenses arose out of the same transaction involving the same victim. See *Duckett v. State,* 454 S.W.2d 755 (Tex.Cr. App.1970); *Ex parte Jewel,* 535 S.W.2d 362 (Tex.Cr.App.1976); *Ex parte Farris,* 538 S.W.2d 134 (Tex.Cr.App.1976).

The relief sought is granted. Petitioner's conviction in Cause No. 189276 is hereby declared void and said indictment is dismissed.

IT IS SO ORDERED.