MARY'S OPINION HEADING 








NO. 12-09-00318-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JOSE INES
GOMEZ-ESPINOZA,             §                      APPEAL FROM THE 159TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

                Jose
Ines Gomez-Espinoza appeals his convictions for indecency with a child, for
which he was sentenced to imprisonment for twenty years for each offense.  In
two issues, Appellant contends that his convictions for indecency with a child
are barred by double jeopardy and that there was insufficient evidence to
support his second indecency conviction.  We affirm.

 

Background

            Appellant
was charged by indictment with one count of aggravated sexual assault of a
child and two counts of indecency with a child.  Specifically, the indictment
alleged that Appellant had (1) intentionally or knowingly caused the
penetration of the anus of the victim, a child younger than fourteen years of
age, by his finger or an unknown object and (2) in two other instances, with
the intent to arouse or gratify his sexual desire, intentionally or knowingly
engaged in sexual contact by touching the genitals of the victim, a child
younger than seventeen years of age.  Appellant pleaded “not guilty,” and the
matter proceeded to a jury trial.

            The
evidence presented at trial indicates that the victim, eight-year-old
B.G., was at his aunt’s house attempting to sleep when Appellant approached him
and, on the outside of B.G.’s clothes, penetrated B.G.’s anus with his finger.[1] 
B.G. testified at trial that Appellant had touched his penis[2]
“lots of times” with his “whole hand” on the outside of his clothes.  B.G.
later clarified that this had occurred more than twice, but fewer than ten
times.  B.G. further testified that Appellant had touched him on his buttocks[3] once or twice
with his finger on the outside of his clothes.  Gloria Carter, B.G.’s great
aunt, testified concerning B.G.’s outcry statement.  Carter related that B.G.
told her of an occasion when he was in the bathroom and Appellant entered the
bathroom and touched his penis.

            Following
the presentation of evidence, the jury found Appellant “guilty” as charged on
each count.  The matter proceeded to a trial on punishment. Ultimately, the
jury assessed Appellant’s punishment at imprisonment for fifty years for
aggravated assault of a child and twenty years for each count of indecency with
a child.  The trial court sentenced Appellant accordingly, and this appeal
followed.

 

Double Jeopardy

            In
his first issue, Appellant contends that the trial court was without legal
authority to enter a judgment of conviction and pronounce sentence on the two
counts of indecency with a child because doing so violated Appellant’s Fifth
Amendment protection against double jeopardy.  Specifically, Appellant argues
that the evidence that Appellant touched B.G.’s penis is not specific regarding
time, date, or circumstance and that the bulk of the testimony concerns the
penetration of B.G.’s anus.  Thus, according to Appellant, his touching and penetrating
of B.G.’s anus constituted one act.

            The
Double Jeopardy Clause of the United States Constitution provides that no
person shall be subjected to twice having life or limb in jeopardy for the same
offense.  U.S. Const. amend. V. 
This clause protects against (1) a second prosecution for the same offense
after acquittal, (2) a second prosecution for the same offense after
conviction, and (3) multiple punishments for the same offense.  Ex parte
Watkins, 73 S.W.3d 264, 267 n.5 (Tex. Crim. App. 2002); see also
Illinois v. Vitale, 447 U.S. 410, 415, 100 S. Ct. 2260, 65 L. Ed.
2d 228 (1980).  Appellant invokes the third of these protections.  Appellant
did not raise this double jeopardy claim below, but under the circumstances
presented, the alleged violation may be raised for the first time on appeal.  See
Shaffer v. State, 477 S.W.2d 873, 875–76 (Tex. Crim. App. 1971); Casey
v. State, 828 S.W.2d 214, 216 (Tex. App.–Amarillo 1992, no pet.)
(defendant not required to preserve claim of double jeopardy where trial court
either knows or should know of former proceedings, i.e., where former jeopardy
arose in the same case).

            The
test for determining whether two offenses are dissimilar for jeopardy purposes
is whether either offense requires proof of a fact that the other does not. 
See Blockburger v. United States, 284 U.S. 299, 304,
52 S. Ct. 180, 182, 76 L. Ed. 306 (1932).  With regard to sexual offenses, the
court of criminal appeals has determined that the legislature intended to
punish separate acts, even though such acts might be in close temporal
proximity; that is, the legislature, through the language of the statute, has
rejected grouping aggravated sexual assaults by transaction.  See Vick v.
State, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).    

In
the case at hand, we need not determine whether Appellant committed an act of
indecency in close temporal proximity to his commission of aggravated sexual
assault of a child.  B.G. testified at trial that Appellant had touched his
penis “lots of times” with his “whole hand” on the outside of his clothes. 
B.G. later clarified that this had occurred more than twice, but fewer than ten
times.  No evidence was elicited at trial concerning the date on which these
touchings occurred.  But the State is not required to prove the precise date
alleged in the indictment when, as here, an indictment alleges that an offense
was committed “on or about” a certain date.  See Sledge v. State,
953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  Based on our reading of B.G.’s
testimony, we conclude that it can be reasonably interpreted to support that Appellant
touched B.G.’s penis on more than two separate instances.  Thus, Appellant has
not been subjected to multiple punishments for the same offense.  Accordingly,
we hold that the trial court’s judgments of conviction and sentences for
indecency with a child do not violate Appellant’s constitutional protections
against double jeopardy.  Appellant’s first issue is overruled.

 

 

Evidentiary Sufficiency

            In
his second issue, Appellant argues that there was neither legally nor factually
sufficient evidence to support the second count of indecency with a child of
which he was convicted.  Specifically, Appellant argues that the State’s
evidence, taken as a whole does not support that there was “other sexual
contact made by [A]ppellant against [B.G.].”

            Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.  Jackson v.
Virginia, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d
560 (1979); Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San
Antonio 1999, pet. ref'd).  The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; Johnson v. State, 871 S.W.2d 183,
186 (Tex. Crim. App. 1993).  The evidence is examined in the light most
favorable to the jury’s verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal
sufficiency challenge will result in rendition of an acquittal by the reviewing
court.  See Tibbs v. Florida, 457 U.S. 31, 41–42, 102 S. Ct.
2211, 2217–18, 72 L. Ed. 2d 652 (1982).

In
reviewing factual sufficiency, we consider all the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compare
it to the evidence that tends to disprove that fact.  Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to
disagree with the jury's determination, even if probative evidence exists that
supports the verdict, our evaluation should not substantially intrude upon the
jury’s role as the sole judge of the weight and credibility of witness testimony. 
Id.; see Clewis v. State, 922 S.W.2d 126,
133 (Tex. Crim. App. 1996).  Where there is conflicting evidence, the jury’s
verdict on such matters is generally regarded as conclusive.  Van Zandt
v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d). 
Ultimately, we must ask whether a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  A verdict will be set aside “only if the evidence supporting guilt is
so obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence, as to render the conviction clearly wrong and manifestly
unjust.”  Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App.
2002); see also Watson v. State, 204 S.W.3d 404, 417 (Tex.
Crim. App. 2006); Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim.
App. 2003).

Under
either the legal sufficiency or factual sufficiency standard, our role is that
of appellate review, and the fact finder is the sole judge of the weight and
credibility of a witness’s testimony.  Wesbrook v. State, 29
S.W.3d 103, 111–12 (Tex. Crim. App. 2000).  The fact finder may choose to
believe all, some, or none of a witness's testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Moreover,
the legal and factual sufficiency of the evidence is measured against the
elements of the offense as defined by a hypothetically correct jury charge. Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see Wooley
v. State, 273 S.W.3d 260, 268 (Tex. Crim. App. 2008).  Such a charge
would include one that “accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or
unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried.”  Malik,
953 S.W.2d at 240.

In
order to support a conviction for indecency with a child, the State was
required to prove, among other things, that Appellant engaged in sexual contact
with B.G. by touching B.G.’s genitals.  See
Tex. Penal Code Ann. §
21.11(a)(1), (c) (Vernon Supp. 2009).  Appellant has challenged only the
sufficiency of the evidence supporting his conviction for the latter count of
indecency with a child.  In other words, Appellant contends that the evidence
does not support that there were two separate instances in which he touched
B.G.’s genitals.  Appellant does not challenge the remaining elements of
indecency with a child common to both counts for which he was convicted.  As
such, we limit our analysis to whether there was sufficient evidence to support
two separate instances of Appellant’s touching B.G.’s genitals.

The
testimony of a child sexual abuse victim alone is sufficient to support a
conviction for indecency with a child or aggravated sexual assault.  See
Tex. Code Crim. Proc. Ann. art.
38.07 (Vernon 2005); Martinez v. State, 178 S.W.3d 806, 814 (Tex.
Crim. App. 2005); Garcia v. State, 563 S.W.2d 925, 928 (Tex.
Crim. App. 1978).  Here, as set forth previously, B.G. testified that Appellant
had touched his penis “lots of times” with his “whole hand” on the outside of
his clothes.  B.G. later clarified that this had occurred more than twice, but
fewer than ten times.  Moreover, Carter testified that B.G. told her of an
occasion when he was in the bathroom and Appellant entered the bathroom and
touched his penis.  Based on our review of the record, we conclude that a
rational trier of fact could have found beyond a reasonable doubt that
Appellant touched B.G.’s penis in at least two separate instances.  Therefore,
we hold that the evidence is legally sufficient to support the trial court’s
judgment.

Turning
to the issue of factual sufficiency, Appellant notes that Carter only testified
concerning one instance related to her by B.G. in which Appellant touched his penis. 
Based on our reading of Carter’s testimony, we do not conclude that B.G.’s
relating only this single instance of Appellant’s touching his genitals
contradicts his own testimony that Appellant touched his penis more than twice,
but fewer than ten times.  Having reviewed the record in its entirety, we
cannot conclude that the great weight and preponderance of the evidence
contradicts the verdict or that the jury’s finding of “guilty” is “clearly
wrong” or “manifestly unjust.”  Therefore, we hold that the evidence is
factually sufficient to support the trial court’s judgment.  

Appellant’s
second issue is overruled.

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

                                                                                                Sam Griffith

                                                                                                  
     Justice

 

 

 

 

Opinion delivered August 18,
2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] Appellant has not challenged the
sufficiency of the evidence supporting his conviction for aggravated sexual
assault of a child. 

 





[2] B.G. referred to his penis as
“private area number one.” 





 

[3]
B.G. referred to his buttocks as “private area number two.”