# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00223-CR

**Remberto Santos-Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-12-302138, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Remberto Santos-Hernandez was convicted by a jury of two counts of burglary of a habitation. *See* Tex. Penal Code § 30.02(a)(1), (3). The jury assessed his punishment at confinement in the Texas Department of Criminal Justice for 60 years for Count I and 12 years for Count II. *See id.* §§ 12.32, 12.33. We sustain appellant's sole point of error asserting a double-jeopardy violation, and we affirm in part and vacate in part.

## BACKGROUND[1]

On the night of April 20, 2012, an intruder broke into the home of Lori Reyes. Reyes, asleep on the couch, awoke to discover the patio door of her home open. Her granddaughters, asleep

---

[1] Because appellant does not challenge the sufficiency of the evidence to support his conviction, a detailed recitation of the facts is not necessary. *See King v. State*, 953 S.W.2d 266, 267 (Tex. Crim. App. 1997).

together in one bed, awoke separately during the night and observed a person in their room near the bed. Both girls thought the person was a family member. In the morning, the family discovered several missing items, including jewelry, laptops, a camera, and some cash. The police were called and crime scene technicians recovered fingerprints from the scene. Later that morning, when laundering her granddaughter's sheets, Reyes discovered semen on the sheet near the bottom of the bed. She again contacted police who retrieved the sheet as evidence.

The police investigated this burglary together with another home burglary that occurred the following night, one street over. During the course of their investigation, they identified appellant as a suspect. Several missing items were found in a nearby abandoned home that the police connected to appellant. Appellant's fingerprints matched the fingerprints at the Reyeses' home as well as those found on the recovered laptops. Subsequent DNA testing revealed that appellant could not be excluded as the contributor of the DNA profile obtained from the semen stain on the bed sheet.

Appellant was charged by indictment with two counts of burglary of a habitation. *See* Tex. Penal Code § 30.02. Count I of the indictment alleged, in two alternative paragraphs, that, on or about April 20, 2012, appellant:

> did then and there, with intent to commit the felony offense of Indecency with a Child by Exposure, enter a habitation, without the effective consent of Lori Reyes, the owner thereof,
>
> . . .
>
> did then and there intentionally or knowingly enter a habitation, without the effective consent of Lori Reyes, the owner thereof, and attempted to commit or committed the felony offense of Indecency with a Child by Exposure.

2

Count II of the indictment alleged, in two alternative paragraphs, that, on or about April 20, 2012, appellant:

> did then and there, with intent to commit theft, enter a habitation, without the effective consent of Lori Reyes, the owner thereof,
>
> . . .
>
> did then and there enter a habitation, without the effective consent of Lori Reyes, the owner thereof, and attempted to commit or committed theft.

The jury convicted appellant of both offenses and assessed a 60-year sentence for Count I and a 12-year sentence for Count II.

## DISCUSSION

### Double Jeopardy

In his sole point of error, appellant asserts that he received multiple punishments for the same offense in violation of the constitutional protection against double jeopardy. He contends there was only one entry of a habitation and, therefore, his convictions for burglary of a habitation in both counts punish him twice for the same offense. The State concedes that the two convictions constitute a double-jeopardy violation, and we agree.

The Double Jeopardy Clause of the United States Constitution protects against multiple punishments for "the same" offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006). Because of the fundamental nature of double-jeopardy protections, a double-jeopardy complaint may be raised for the first time on appeal

3

"when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *see also Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008).

The gravamen of a burglary is the entry without the effective consent of the owner with the requisite mental state. *Cavazos*, 203 S.W.3d at 337. The existence of multiple victims or multiple underlying offenses connected with the entry does not convert a single unlawful entry into multiple burglaries. *Davis v. State*, 313 S.W.3d 317, 342 (Tex. Crim. App. 2010). Thus, two convictions based on a single unlawful entry violate double jeopardy. *Cavazos*, 203 S.W.3d at 337.

Here, because both of the complained-of burglary convictions were based on the same conduct (appellant's unlawful entry into Reyes's home), a double-jeopardy violation is apparent on the face of the record. *See McCrary v. State*, 327 S .W.3d 165, 171 (Tex. App.—Texarkana 2010, no pet.); *Johnson v. State*, 208 S.W.3d 478, 510 (Tex. App.—Austin 2006, no pet.). Further, because both convictions arise out of the same trial, enforcement of the usual rules of procedural default would serve no legitimate state interest. *See Shaffer v. State*, 477 S.W.2d 873, 876 (Tex. Crim. App. 1971) (enforcement of rules of procedural default serve no state interest when "the two convictions were in the same court, on the same day, before the same judge, and were based on the same evidence"); *Johnson*, 208 S.W.3d at 510 (because both convictions arose out of same trial, enforcement of usual rules of procedural default would serve no legitimate state interest). We sustain appellant's sole point of error.

When a defendant is subjected to multiple punishments for the same offense, the remedy is to affirm the conviction for the most serious offense and vacate the other conviction. *Ex parte Denton*, 399 S.W.3d 540, 547 (Tex. Crim. App. 2013); *Cavazos*, 203 S.W.3d at 338. The "most serious offense" is the offense for which the greatest sentence was assessed. *Denton*, 399 S.W.3d at 547; *Cavazos*, 203 S.W.3d at 338. Here, appellant was sentenced to 60 years' imprisonment for the Count I burglary of a habitation, a first-degree felony, but only 12 years' imprisonment for the Count II burglary of a habitation, a second-degree felony. Accordingly, the Count I burglary is the "most serious offense" and is the conviction that should be retained.

## Clerical Error

We note, in addition, that the judgment of conviction for Count I contains a clerical error. The judgment reflects that the "Date Judgment Entered" was February 25, 2013 when the record demonstrates that it was entered on February 28, 2013. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because the necessary information is available here, we modify the judgment of conviction to reflect that the "Date Judgment Entered" was February 28, 2013.

## CONCLUSION

Appellant's convictions for two counts of burglary of a habitation based on a single unlawful entry violate the Double Jeopardy Clause. Accordingly, we modify the trial court's judgment of conviction for burglary of a habitation in Count I as noted above and affirm the

judgment as modified; we vacate the trial court's judgment of conviction for burglary of a habitation in Count II.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Modified and, as Modified, Affirmed in part; Vacated in part

Filed:   February 21, 2014

Do Not Publish