**AFFIRM; Opinion Filed July 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01497-CR

## MICHAEL EDWARD JAYKUS, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court Cause No. 28531

## MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

A jury convicted Michael Jaykus of the felony offense of stalking,[1] enhanced by two prior felony convictions. The jury assessed punishment at ninety-nine years in prison. Jaykus brings two issues on appeal, arguing: (1) his prosecution is barred by double jeopardy and collateral estoppel; and (2) the stalking statute is unconstitutional for vagueness.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Jaykus's double jeopardy and collateral estoppel claims are based on a previous

---

[1] Act of May 19, 2011, 82nd Leg., R.S., ch. 591, § 1, 2011 Tex. Gen. Laws 1432, 1432 (amended 2013) (current version at Tex. Penal Code Ann. § 42.072 (West Supp. 2013).

conviction for harassment. There is little in the record concerning that conviction. However, the record indicates in 2011, Jaykus began incessantly calling and texting Ronny Maynard and Maynard's girlfriend, Martha Waggoner, in a threatening manner. The phone calls escalated and Maynard and Waggoner contacted police. At some point, Jaykus pled guilty to harassment and was jailed. The record is unclear as to whether Maynard or Waggoner was the complainant.[2] The record is also unclear as to what evidence was used when Jaykus pled guilty.

The indictment in the stalking case before us alleged that on or about June 27, 2012, Jaykus knowingly engaged in conduct on more than one occasion directed toward Martha Waggoner that he knew or reasonably believed Waggoner would regard as threatening bodily injury or death to her or a member of her family. The indictment also alleged Jaykus contacted Waggoner repeatedly by texts, voice messages, and letters threating her or her family with bodily injury or death in various specific ways. Finally, the indictment alleged that defendant's conduct would cause a reasonable person to fear, and did cause Waggoner to fear, bodily injury or death.

According to the record, once Jaykus was jailed for harassment, he began sending threatening letters to Maynard and Waggoner. Waggoner began to fear for her life and her family. In one letter, Jaykus lists Waggoner, Waggoner's young daughter, and Maynard with an "expiration date."

At trial, the State offered the jail letters and other evidence, but also offered phone records, text messages, and voicemails dating from before the time of the harassment offense.

In his first issue, Jaykus contends the trial court abused its discretion by allowing the same evidence dating from before the harassment charge, thereby violating double jeopardy and

---

[2] Jaykus attached a copy of the information from the harassment conviction to his appellate brief. The information indicates the complainant was Martha Waggoner. However, the information is not in the appellate record and nothing indicates it was filed or offered in evidence in this case. Therefore, we may not consider it. *See Leza v. State*, 351 S.W.3d 344, 362 n.78 (Tex. Crim. App. 2011); *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) ("An appellate court may not consider factual assertions that are outside the record, and a party cannot circumvent this prohibition by submitting an affidavit for the first time on appeal." (footnotes omitted)).

the doctrine of collateral estoppel.[3]

The record does not reflect that Jaykus raised a double jeopardy or collateral estoppel argument in the trial court. *See* TEX. R. APP. P. 33.1(a). Generally, a defendant bears the burden of preserving a double jeopardy objection at or before the time the issue of his guilt is submitted to the finder of fact. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). However, because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal if (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citing *Gonzalez*, 8 S.W.3d at 643).

The record presented in the stalking case includes evidence of several acts that occurred after the date of the harassment offense. The indictment alleged the stalking offense occurred on or about June 27, 2012, over ten months after the date of the harassment offense. Moreover, it is unclear what evidence was presented in connection with Jaykus's prior conviction for harassment. Therefore, a double jeopardy violation is not clearly apparent from the face of the record.

Because the record does not clearly show a double jeopardy violation, requiring the defendant to timely raise his double jeopardy claim serves a legitimate state interest. *See Gonzalez*, 8 S.W.3d at 645–46; *Shaffer v. State*, 477 S.W.2d 873, 876–77 (Tex. Crim. App. 1971) (successive prosecution double jeopardy claim based only on unsworn declaration of prior acquittal not properly raised because double jeopardy violation not apparent on the face of record and enforcement of usual rules of procedural default served legitimate state interests).

---

[3] Jaykus also raises the carving doctrine, however, that doctrine has been abandoned, *Ex Parte Williams*, 634 S.W.2d 815, 824 (Tex. Crim. App. 1982), and therefore we address only double jeopardy and collateral estoppel.

Therefore, Jaykus was required to preserve his double jeopardy complaint in the trial court.[4]

We also conclude Jaykus did not preserve his claim of collateral estoppel. The appellant has the "burden to preserve, in some fashion, a collateral estoppel objection at or before the time the charge was submitted to the jury." *See Gonzalez v. State*, 301 S.W.3d 393, 400 (Tex. App.— El Paso 2009, pet. ref'd) (collateral estoppel complaints not preserved for appeal where defendant failed to advance argument in trial court). The record does not show he raised the issue of collateral estoppel at trial.

And again, the record does not indicate what facts were actually litigated when Jaykus pled guilty to the harassment offense. There is no record in this case of what evidence, if any, was presented at the plea hearing. Therefore, we conclude Jaykus did not preserve his collateral estoppel claim. *See id.* We overrule Jaykus's first issue.

In his second issue, Jaykus asserts the stalking statute[5] is unconstitutional for vagueness. He contends the statute is unconstitutional on its face. However, neither facial nor as-applied challenges to the constitutionality of a statute may be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding appellant may not raise facial challenge to constitutionality of statute for first time on appeal); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (holding appellant waived his as-applied challenge because he did not specifically object at trial).

Because the record does not reflect that Jaykus raised his constitutionality argument in

---

[4] Where a plea of double jeopardy is presented to the same court and judge, the requirements for the plea are relaxed. *Hill v. State*, 90 S.W.3d 308, 312 (Tex. Crim. App. 2002). Here, the prior case did not arise in the same court, before the same judge. The harassment judgment is out of the County Court at Law No. 2 of Hunt County on December 2, 2011. The stalking judgment was out of the 196th District Court of Hunt County before a different judge and was rendered on October 3, 2013.

[5] Act of May 19, 2011, 82nd Leg., R.S., ch. 591, § 1, 2011 Tex. Gen. Laws 1432, 1432 (amended 2013). We have held the stalking statute in effect prior to the 2011 amendments to the statute was not unconstitutionally vague. *See State v. Seibert*, 156 S.W.3d 32, 37 (Tex. App.—Dallas 2004, no pet.) ("a person who knows or reasonably believes his conduct will be regarded as threatening bodily injury or death is put on notice that his conduct is prohibited"). The 2011 amendments applicable to this case did not change the substance of the statute.

the trial court, it is not preserved for appeal. *Karenev*, 281 S.W.3d at 434. We overrule Jaykus's second issue.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
131497F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL EDWARD JAYKUS, Appellant

No. 05-13-01497-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court, Hunt County, Texas
Trial Court Cause No. 28531.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of July, 2014.