**STATE of Texas, Appellant,**

v.

**Phillip Ronald BAKER, Appellee.**

**No. 11–88–195–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 10, 1988.

John Terrill, Dist. Atty., Stephenville, for appellant.

David H. Stokes, Law Offices of Stokes & Warren, Stephenville, for appellee.

OPINION

McCLOUD, Chief Justice.

The State appeals the trial court's order granting a special plea of double jeopardy and dismissing the cause with prejudice. See TEX.CODE CRIM.PRO.ANN. art. 44.-01 (Vernon Supp.1988). We affirm.

The record consists of the transcript and the statement of facts in Cause No. 8726. The transcript reflects that Phillip Ronald Baker was indicted for possession of less than 28 grams of amphetamine. Baker filed a "special plea of double jeopardy" alleging that the prosecution for possession was barred by his previous acquittal in Cause No. 8688 of the offense of delivery of less than 28 grams of amphetamine. Attached to his special plea and included in the transcript are copies of the indictment for delivery and of the judgment acquitting Baker of the offense of delivery in Cause No. 8688.

■ It is undisputed that both indictments involve the same criminal transaction. The State contends that the doctrine of double jeopardy does not bar the prosecution for possession because the statutory elements for the offense of possession of amphetamine[1] differ from the statutory elements for the offense of delivery of amphetamine.[2] The State argues that, since it is possible for delivery to occur without actual possession,[3] the test for determining whether two distinct statutory provisions have been violated which is set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), has been met.

The United States Supreme Court stated in *Blockburger* that:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provi-

sions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 55 L.Ed. 489, 490, 31 S.Ct. 421 [422], and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Com.*, 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Compare *Albrecht v. United States*, 273 U.S. 1, 11, 12, 71 L.Ed. 505, 510, 511, 47 S.Ct. 250 [253, 254], and cases there cited.

However, the doctrine of double jeopardy is not limited only to the statutory elements of the alleged offenses but also applies to the factual allegations. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). See also *May v. State*, 726 S.W.2d 573 (Tex.Cr.App.1987).

The indictment for delivery in Cause No. 8688 alleged that Baker:

[D]id then and there intentionally and knowingly deliver a controlled substance, to-wit: Amphetamine, in an amount of less than 28 grams by then and there *actually transferring* said controlled substance to Karl Mize. (Emphasis added)

The judgment attached to Baker's special plea found Baker not guilty as charged in this indictment.

■ The State also contends that "the indictment for delivery of amphetamine of less than twenty-eight (28) grams by actual

---

1. TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.031 (Vernon Supp.1988).

2. TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.041 (Vernon Supp.1988).

3. TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 1.02(7) (Vernon Supp.1988) states that:
   "Deliver" or "delivery" means the actual or constructive transfer from one person to an-

other of a controlled substance, counterfeit substance, abusable glue or aerosol paint, or drug paraphernalia, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance, counterfeit substance, abusable glue or aerosol paint, or drug paraphernalia.

transfer did not also include an allegation of possession, although the same facts might give rise to that offense." We disagree. Delivery by actual transfer, as opposed to delivery by constructive transfer, must involve possession of the substance actually delivered.

We agree with the trial court's ruling that the subsequent prosecution for possession is barred by Baker's acquittal of delivery by actual transfer. To allow the prosecution for possession would be to allow the relitigation of a fact issue previously resolved. *Brown v. Ohio*, supra; *May v. State*, supra. The first point is overruled.

■ Next, the State argues that the evidence is insufficient to support the trial court's finding of a formal acquittal. We disagree.

At the hearing on the special plea, the trial court stated:

> All right. I have read very carefully the cases and briefs that were filed in the habeas corpus proceeding, 18649, State of Texas vs. Phillip Ronald Baker, which relates to this proceeding—this indictment and the prior indictment for delivery of a controlled substance, and I've examined Defendant's special plea of double jeopardy. It looks to me like, that under the indictment for delivery by actual transfer, which was the original case that was tried before this Court, that the State of necessity would have to establish and prove possession, maybe not by constructive delivery, but certainly by actual transfer, that is, the State couldn't prove actual transfer without first proving possession of a controlled substance by the transferor. Therefore, under the record before the Court, that presented in the habeas corpus proceeding, the evidence that was stipulated to the Court at that time and the record before the Court, it would seem to me that the State would be required to relitigate the question of possession by the Defendant, and that would necessitate—huh—that would of necessity had been a necessary element of the delivery. Accordingly, I am of the opinion that jeopardy does attach, the habeas corpus is

granted in Cause Number 18649, the indictment is dismissed in this cause, the Defendant is released.

Baker's special plea of double jeopardy is contained in the transcript. Attached to the special plea are copies of the delivery indictment and of the trial court's judgment finding Baker not guilty. The record of Cause No. 18649, the habeas corpus proceeding, is not before this Court.

The State, as appellant, has the burden to see that a sufficient record to show error requiring reversal is presented on appeal. TEX.R.APP.P. 50(d). The record before this Court does not support the State's second point of error.

The order of the trial court is affirmed.