# PD-0122-15

COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/4/2015 7:24:42 PM
Accepted 2/6/2015 3:18:56 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

**Eric Dwayne Stevenson, Appellant**
**v.**
**The State of Texas, Appellee**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE COURT OF APPEALS

SECOND APPELLATE DISTRICT OF TEXAS

FORT WORTH, TEXAS

NO. 02-13-00537-CR

TARRANT COUNTY
TRIAL COURT NO. 1272720

FILED IN
COURT OF CRIMINAL APPEALS

February 6, 2015

ABEL ACOSTA, CLERK

R. Scott Walker
STATE BAR # 24004972
222 W. Exchange Avenue
Fort Worth, TX 76164
(817) 478-9999
(817) 977-0163 FACSIMILE
Attorney for Appellant

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel.

| | |
|---|---|
| Appellant: | Eric Dwayne Stevenson |
| Trial Counsel | Stephanie Patten<br>1300 W. University Drive, No. 602<br>Fort Worth, Texas 76102<br><br>Steve Gordon<br>201 Moneda Street<br>Fort Worth, Texas 76117 |
| Trial Judge | Hon. Robb Catalano |
| Appellate Attorney for Appellant | Scott Walker<br>Attorney at Law<br>2363 Highway 287 N., Suite 201<br>Mansfield, Texas 76063 |
| Appellee | The State of Texas |
| Trial Attorney for Appellee | Lloyd E. Whelchel & Catherine P. Simpson<br>Tarrant County Assistant District Attorneys<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Appellate Attorney for Appellee | Charles M. Mallin<br>Assistant Tarrant County District Attorney<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

2

## TABLE OF CONTENTS

PAGE

IDENTITIES OF PARTIES AND COUNSEL . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . 4

STATEMENT DECLINING ORAL ARGUMENT . . . . . . . . 5

STATEMENT OF THE CASE . . . . . . . . . . . . . . 6

STATEMENT OF PROCEDURAL HISTORY OF THE CASE . . . 7

QUESTIONS PRESENTED FOR REVIEW
    NUMBER ONE (The convictions
    on Count I, Count II, and Count III are for
    the same offense for double jeopardy
    purposes).
    NUMBER TWO:   The trial court had no
    jurisdiction in this case because the prior
    jurisdictional judgment was on appeal and
    was, therefore, not a final judgment.
    NUMBER THREE:    The trial court erred
    by denying Appellant's motion to quash the
    indictment.
    NUMBER FOUR: The trial court erred
    by denying Appellant's motion for directed
    verdict.
    NUMBER FIVE: The trial court erred by
    sustaining the State's relevance motion to
    Appellant's proffered evidence that the
    commitment order was on appeal). . . . . . . 7

PRAYER . . . . . . . . . . . . . . . . . . .18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 19

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . 19

# INDEX OF AUTHORITIES

## CASES

*Ex Parte Manuel Cavazos,*
    203 S.W.3d 333 (Tex.Crim.App. 2006). . .   8, 10

*Duckett v. State,*
    454 S.W.2d 755 (Tex.Crim.App. 1970) . . . . . 9

*Gongora v. State,*
    916 S.W.2d 570 (TexApp.—Houston 1st dist.
    1996, PDRR) . . . . . . . . . . . . . . . 7, 10

*Gonzalez v. State,*
    8 S.W.3d 640 (Tex.Crim.App. 2000). . . . . 8, 9

*Holberg v. State,*
    38 S.W.3d 137 (Tex.Crim.App. 1987) . . . . . 14

*Jordan v. State,*
    36 S.W.3d 871 (Tex.Crim.App. 2001) . . . . . 15

*Lopez v. State,*
    108 S.W.3d 293 (Tex.Crim.App. 2003) . . . 7, 10

*Mobley v. State,*
    2008 WL 4414254 (Tex.App.—Texarkana 2008,
    no pet.) . . . . . . . . . . . . . . . . . 8

*Rabb v. State,*
    730 S.W.2d 751 (Tex.Crim.App. 1987) . . . . 14

*Smith v. Doe,*

4

538 U.S. 84, 101, 123 S.Ct. 1140, 155
L.Ed.2d 164 (2003) . . . . . . . . . . . . . . . 13

*Tamez v. State,*
980 S.W. 2d 845 (Tex.Crim.App. 1998) . . 15, 16

*State v. Baker,*
761 S.W.2d 465 (Tex.App.—Eastland, 1988,
no pet.) . . . . . . . . . . . . . . . . . . . . 7

**STATUTES**

*Tex.Health and Safety Code,*
§841.085 . . . . . . . . . . . . . . . . . . 11

*Tex. Rules of App. Proc.*
§25.2(g) . . . . . . . . . . . . . . . . 15, 16

**STATEMENT DECLINING ORAL ARGUMENT**

Oral argument of this case is not requested on behalf of Appellant, and is hereby waived.

All references to Texas statutes, rules, etc. are references to the latest edition published by West Publishing Company, unless otherwise indicated.

ERIC DWAYNE STEVENSON, Appellant-Applying for

Review

V.

THE STATE OF TEXAS, Appellee


************

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

************

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF

TEXAS:


## STATEMENT OF THE CASE

This appeal has resulted from a criminal prosecution for violation of civil commitment requirements for sexually violent predators. (C.R. Vol. 1, p. 123). The jury was charged on three separate counts of the same offense. (C.R. Vol. 1, p. 104). Appellant was found guilty on all three counts by a jury. The jury assessed punishment at seventeen years on each count. (C.R. Vol. 1, p. 123-138).

6

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written non-published memorandum opinion on January 15, 2015. The deadline for filing a Petition for Discretionary Review is February 15, 2015.

## QUESTIONS PRESENTED FOR REVIEW

ONE: The convictions on Count I, Count II, and Count III are for the same offense for double jeopardy purposes.

TWO: The trial court had no jurisdiction in this case because the prior jurisdictional judgment was on appeal and was, therefore, not a final judgment.

THREE: The trial court erred by denying Appellant's motion to quash the indictment.

FOUR: The trial court erred by denying Appellant's motion for directed verdict.

FIVE: The trial court erred by sustaining the State's relevance objection to Appellant's

7

proffered evidence that the commitment order was on appeal.

## **ARGUMENT**

### ARGUMENT QUESTION NUMBER ONE

QUESTION NUMBER ONE RESTATED: The convictions on Count I, Count II, and Count III are for the same offense for double jeopardy purposes.

APPLICABLE LAW:  Due to the fact that the statute that allows for civil commitment for sexually violent predators is relatively new, there are no cases specifically on point.  Therefore, the Court of Appeals used a case that has nothing to do with a civil commitment order in order to to overrule Appellant's first issue, saying that each separate violation of the commitment order is a separate offense.  The case was a loan fraud case, and is in no way on point.  However, there are cases involving analogous situations.  The law relating to double jeopardy when multiple convictions are handed down at the same time, as in this case, is well developed.  For example, two separate convictions for possession of marijuana

8

and delivery of the same marijuana is a violation of the double jeopardy provisions of the Texas and United States Constitutions.  Gongora v. State, 916 S.W.2d 570, 577 (Tex.App.—Houston 1st Dist. 1996, PDRR), State v. Baker, 761 S.W.2d 465, 467 (Tex.App.—Eastland, 1988, no pet.), Lopez v. State, 108 S.W.3d 293, 300 (Tex.Crim.App. 2003).  Also, two separate convictions for Burglary of a Habitation when there is two victims but only one unlawful entry is also barred by the double jeopardy provisions of the Texas and United States Constitutions.  Ex Parte Manuel Cavazos, 203 S.W.3d 333,337 (Tex.Crim.App. 2006).  An unpublished memorandum opinion out of the Texarkana Court of Appeals cited Cavazos for the same proposition.  The case, while not authoritative, could be helpful.  Mobley v. State, 2008 WL 4414254 (Tex.App.—Texarkana 2008, no pet.).

A double jeopardy complaint that a defendant was convicted of the same offense multiple times during the same trial can be raised for the first time on appeal, as is cited below:

> . . . because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interest.  Gonzalez v. State, 8 S.W.3d 640, 643 (Tex.Crim. App. 2000).

The Court in Gonzalez went on to say that when the two disputed convictions occurred in the same court, on the same day, before the same judge, and were based on the same evidence, as was the case in Duckett v. State, 454 S.W.2d 755 (Tex.Crim.App. 1970), there is clearly no state interest that would be served by requiring an objection in order to preserve the jeopardy issue.  Gonzalez v. State, 8 S.W.3d 640, 643 (Tex.Crim. App. 2000).

When multiple convictions result from one trial for similar or identical offenses, the question of whether the double jeopardy provisions are violated is determined by looking at the legislative intent as to the allowable unit of prosecution.

The allowable unit of prosecution for burglary is the unlawful entry, while the allowable unit of

prosecution for an assaultive offense is each complainant, as is cited below:

> The allowable unit of prosecution for an assaultive offense is each complainant. . . Burglary, however, is not an assaultive offense; rather, its placement within Title 7 indicates that the legislature determined burglary to be a crime against property.  Thus, the complainant is not the appropriate allowable unit of prosecution in a burglary; rather, the allowable unit of prosecution in a burglary is the unlawful entry.  Applicant's convictions violate double jeopardy because he was punished multiple times for a single unlawful entry.  Ex Parte Manuel Cavazos, 203 S.W.3d 333,337 (Tex.Crim.App. 2006).

The following is another example:  The allowable unit of prosecution in a drug case is the illegal substance.  Gongora v. State, 916 S.W.2d 570, 577 (Tex.App.—Houston 1st Dist. 1996, PDRR), Lopez v. State, 108 S.W.3d 293, 300 (Tex.Crim.App. 2003).

ANALYSIS:  The convictions on Count I, Count II, and Count III were for the same offense for double jeopardy purposes.  Appellant was convicted of three separate counts of violation of civil commitment requirements for sexually violent predators.  Again, there are no Texas cases that explore the allowable unit of prosecution in a

11

violation of civil commitment requirements for sexually violent predators.  However, it would appear that the allowable unit of prosecution would be the violation of one or more of the rules contained in the commitment order.  The State will probably argue that each separate violation constitutes the allowable unit of prosecution.  However, there is nothing contained in the statute that would indicate that the legislature intended multiple punishments for each separate violation of the order.

Chapter 841 of the Health and Safety Code provides the regulations for civil commitment of sexually violent predators.  Section 841.085 contains the criminal penalty for the offense:

> (a)  A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082(b)  An offense under this section is a felony of the third degree.  . . (Texas Health and Safety Code §841.085).

Above-mentioned Section 841.082 provides a list of seven requirements that must be included in the

order. There is an eighth requirement listed, which is any other requirements determined necessary by the judge. Some of the eight mandatory requirements listed in the statute are written very broadly, which indicates that the listed requirements could actually number a lot more than eight. For example: Requirement four states that the person must comply with all written requirements imposed by the case manager or otherwise by the Office of Violent Sex Offender Management. These requirements could be numerous. If the legislature intended that each violation of these numerous requirements could be a separate offense, it would appear that they would have specifically stated so. After all, failure to comply with any one of the requirements would most likely not be illegal for anyone who had not been found to be a sexually violent predator under the statute. It would not be fundamentally fair to impose multiple felony punishments for what would usually be very minor infractions of the rules. Doing so would be like allowing multiple

convictions in a probation revocation proceeding because the probationer violated multiple conditions of probation. A 2003 United States Supreme Court case contains language that substantiates this argument. The Court stated that a sex offender who fails to comply with the reporting requirements may be subjected to a criminal prosecution for that failure. Smith v. Doe, 538 U.S. 84, 101,102, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). The language is that if one fails to comply with the *requirements*, he or she may be subjected to *a* criminal prosecution. 'Criminal prosecution' is singular which indicates only one single prosecution for multiple violations. The multiple punishments in this case violate double jeopardy, and two of the three convictions should be vacated.

In the instant case, Trial Counsel did not object to the jeopardy violation. However, the jeopardy violation is clear from the face of the record, and there is no State interest in requiring an objection in order to preserve error when the

two convictions happened on the same day, in the same court, and in front of the same judge.  Two of the cases are barred under double jeopardy provisions.  Therefore, the cases should be reversed.

### ARGUMENT QUESTIONS TWO THROUGH FIVE

The Court of Appeals overruled issues two through five by stateing that the statute that criminalizes violations of a civil commitment order does not require that the commitment order first be final for appellate purposes before violations are criminal.  This is true, but it is also true that the statute does not say that the commitment order *need not* be final for appellate purposes before violations are criminal.  The statute is merely silent as to this issue.  Therefore, it appears prudent to look to criminal law in this regard since this statute has criminal penalties.  Therefore, Appellant's argument on appeal is more persuasive than the appellate opinion.

Applicable Law:  It is well settled that a jurisdictional challenge may be raised for the first time on appeal.  Rabb v. State, 730 S.W.2d 751, 752 (Tex.Crim.App. 1987), Holberg v. State, 38 S.W.3d 137, 139 n.9 (Tex.Crim.App. 1987).  When a criminal conviction is on appeal, the judgment is not a final judgment until the appellate court affirms the conviction and issues its mandate.  Jordan v. State, 36 S.W.3d 871, 875 (Tex.Crim.App. 2001).  A trial court does not have jurisdiction over a case until the mandate has issued.  (Tex. Rules App. Proc., §25.2 g).

Probably the most analagous situation deals with DWI cases that are felony offenses because the defendant has two prior DWI convictions.  The prior convictions must be final convictions.  If a prior DWI conviction is on appeal, it is not a final conviction. Jordan v. State, 36 S.W.3d 871, 875 (Tex.Crim.App. 2001).  A prior DWI conviction used to enhance a misdemeanor DWI to that of a felony is jurisdictional because the felony court would not have jurisdiction over the DWI without the

16

enhancement conviction.  Tamez v. State, 980 S.W. 2d 845, 847 (Tex.Crim.App. 1998).  Likewise, in a criminal prosecution for a violation of a commitment order of a sexually violent predator, the trial court would not have jurisdiction over the case absent the civil commitment judgment.  The existence of the civil commitment is an essential element of the offense, just as the prior DWI convictions are essential elements of a felony DWI prosecution.  Tamez v. State, 980 S.W.2d 845, 847 (Tex.Crim.App. 1998).

Analysis:   The trial court had no jurisdiction in this case because the prior jurisdictional judgment was on appeal and was, therefore, not a final judgment.  In trial, the prosecutor for the State argued to the trial judge that the commitment statute states that the commitment order is effective immediately on entry of the order.  It is true that Section 84.081 states just that.  However, it does not state anything about whether a pending appeal stays any enforcement rights created by the statute.  When

criminal defendants are placed on probation, the conditions of probation are also effective immediately. Nonetheless, the perfection of an appeal, followed by the filing of the record, stays any further actions of the trial court in the case until the appeals court affirms the conviction and mandate is issued. (Texas Rules of App. Proc. §25.2g). This statute exists to stimulate uniformity and reliability. This legitimate interest is just as prevalent in the instant case as in probation cases.

The analysis in Issues three through five is the same as Issue Number Two. Therefore, the argument will not be repeated.


<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, ERIC DWAYNE STEVENSON, Appellant, prays that this Petition for Discretionary Review be granted; that this case be submitted to the Court; that the Court of Appeals' decision be reversed and for such other relief for which he shows himself entitled.

Respectfully Submitted,

/s/ R. Scott Walker
By: R. SCOTT WALKER
222 W. Exchange Ave.
Fort Worth, Texas 76164
(817) 478-9999
(817) 977-0163 Fax
Attorney for Appellant

## CERTIFICATE OF SERVICE

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 3rd day of February, 2015.

/s/ R. Scott Walker
R. SCOTT WALKER

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 2839 words, and that the document is in 14 point type.

/s/ R. Scott Walker
R. SCOTT WALKER

19

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00537-CR

---

ERIC DWAYNE STEVENSON                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1272720D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Eric Dwayne Stevenson of three counts of violating civil commitment requirements for sexually violent predators[2] and, after finding the allegations in the repeat offender notice true, assessed his

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Health & Safety Code Ann. § 841.085(a)–(b) (West 2010).

punishment for each count at seventeen years' confinement and a $5,000 fine. The trial court sentenced him accordingly.

Appellant brings five issues on appeal, contending that the trial court had no jurisdiction because his appeal of the commitment order was pending, that the three convictions violate double jeopardy protections, that the trial court erred by denying his motion to quash the indictment and his motion for a directed verdict, and that the trial court abused its discretion by excluding his evidence that the commitment order was not final. Because the trial court had jurisdiction, double jeopardy was not implicated, and the trial court did not reversibly err, we affirm the trial court's judgment.

**Double Jeopardy**

In his first issue, Appellant argues that the convictions and sentences on three counts of the indictment are repeated convictions and punishments for the same offense for double jeopardy purposes. Section 841.085(a) of the health and safety code provides that a person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator, he violates a civil commitment requirement imposed under Section 841.082(a).[3] Applying the test and logic of *Jones v. State*,[4] the gravamen of the offense of violating civil

---

[3]*Id.* § 841.085(a).

[4]323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

2

commitment requirements for sexually violent predators appears to be breaking a rule imposed not only by the committing court but also by the treatment provider.[5]

The Texas Supreme Court has held that the sexually violent predator commitment statute is civil because the legislature intended it to be civil.[6] Yet violations of the commitment obligations carry criminal sanctions.[7] Applying the rule of *Jones v. State*, it appears that we are required to hold that each violation of a rule, whether by a single or multiple acts, is a separate violation of Section 841.085(a), carrying criminal penalties for violation of the rules of the civil commitment.[8] We are therefore compelled to overrule Appellant's first issue.

**Finality of Commitment Order**

In his second issue, Appellant contends that the trial court had no jurisdiction over the criminal case because his appeal of the commitment order was pending at the time of trial. In his third issue, he contends that the trial court therefore erred by denying his motion to quash the indictment. In his fourth issue, he challenges the trial court's denial of his motion for directed verdict for

---

[5]*See id.*; *see also* Tex. Health & Safety Code Ann. § 841.082(a) (West Supp. 2014), § .085(a).

[6]*In re Commitment of Fisher*, 164 S.W.3d 637, 639–40, 654 (Tex.), *cert. denied*, 546 U.S. 938 (2005).

[7]*See* Tex. Health & Safety Code Ann. § 841.085(a).

[8]*See id.*; *Jones*, 323 S.W.3d at 889.

3

the same reason. Appellant raises no other challenge in these issues to the convicting court's jurisdiction or to the indictment's validity.

The statute criminalizing violations of civil commitment requirements for sexually violent predators does not require that the commitment order first be final for appellate purposes before violations are criminal.[9] A "commitment order is effective immediately on entry of the order."[10] Further, in civil cases, the filing of a notice of appeal does not automatically suspend enforcement of the judgment.[11] Enforcement of the judgment proceeds unless the judgment is superseded in accordance with Rule 24.[12] Consequently, Appellant was bound by the requirements of the order of commitment regardless of the status of his appeal of that order.[13] The convicting court had jurisdiction over the criminal case. Additionally, for the reasons set out above, and because the indictment was valid on its face, the trial court did not err in denying Appellant's motion to quash. We overrule Appellant's second and third issues.

---

[9] *See* Tex. Health & Safety Code Ann. § 841.085(a).

[10] *See id.* § 841.081(a) (West 2010).

[11] *See* Tex. R. App. P. 25.1(h).

[12] *See* Tex. R. App. P. 24, 25.1(h).

[13] *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 294, 67 S. Ct. 677, 696 (1947) ("Violations of an order are punishable as criminal contempt even though the order is set aside on appeal . . . ."); *In re Sheshtawy*, 154 S.W.3d 114, 126 (Tex. 2004) (citing same and noting that relator remained subject to further contempt proceedings for violating an order before its reversal).

In his fourth issue, Appellant challenges the denial of his directed verdict. He moved for a directed verdict on the basis that there was no final order of commitment because he had filed a notice of appeal and the appeal was still pending. He does not otherwise challenge the sufficiency of the evidence to support his convictions. The trial court admitted State's Exhibits 1 and 2, certified copies of the final judgment finding Appellant to be a sexually violent predator and the commitment order. Again, the commitment order was effective when issued, and the issuance of mandate of that order was not a necessary precondition for imposing criminal sanctions for its disobedience.[14] The trial court therefore did not err by denying Appellant's motion. We overrule his fourth issue.

**Exclusion of Evidence**

In his fifth issue, Appellant argues that the trial court abused its discretion by excluding on relevance grounds his proffered evidence that the commitment order was not final because his appeal thereof was pending. Even if the trial court abused its discretion by excluding the evidence, an issue we do not reach, any such error would be harmless because the filing of a notice of appeal does not affect the finality of judgment in a civil case and did not stay the

---

[14] *See* Tex. Health & Safety Code Ann. § 841.085(a).

5

enforcement of the commitment order in this case.[15]  We overrule Appellant's fifth issue.

**Conclusion**

Having overruled Appellant's five issues on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

WALKER, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 15, 2015

---

[15]*See id.* § 841.081(a); Tex. R. App. P. 24, 25.1(h), 44.2(b).



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00537-CR

| | | |
|---|---|---|
| Eric Dwayne Stevenson | § | From Criminal District Court No. 3 |
| | § | of Tarrant County (1272720D) |
| v. | § | January 15, 2015 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By __/s/ Lee Ann Dauphinot_____
Justice Lee Ann Dauphinot