PD-0122-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/23/2015 12:56:10 PM
Accepted 6/23/2015 2:02:59 PM
ABEL ACOSTA
CLERK

Case No.  PD-0122-15

---

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

ERIC DWAYNE STEVENSON v. THE STATE OF TEXAS

---

On Discretionary Review
of Appeal No. 02-13-00537-CR
in the Second Court of Appeals of Texas
at Fort Worth

---

APPELLANT'S BRIEF

---

Scott Walker
STATE BAR # 24004972
222 W. Exchange Avenue
Fort Worth, TX 76164
(817) 478-9999
(817) 977-0163 Facsimile
scott@lawyerwalker.com
Attorney for Appellant

**Oral Argument Not Permitted**

**IDENTITY OF JUDGE, PARTIES, AND COUNSEL**

Trial Court Judge:          Hon. Robb Catalano Criminal
                            District Court 3
                            Tarrant County, Texas

Appellant:                  Eric Dwayne Stevenson

Trial Counsel:              Stephanie Patten
                            1300 W. University Drive, 602
                            Fort Worth, Texas 76102

                            Steve Gordon
                            201 Moneda Street
                            Fort Worth, Texas 76117

Appellate                   Scott Walker
Attorney for Appellant:     Attorney at Law
                            222 W. Exchange Avenue
                            Fort Worth, Texas 76164

Appellee:                   The State of Texas

Trial Attorney for          Lloyd E. Whelchel &
Appellee:                   Catherine P. Simpson
                            Tarrant County Assistant
                            District Attorneys
                            401 W. Belknap
                            Fort Worth, Texas 76196

Appellate Attorney for      Debra Windsor (appeal)
Appellee:                   Assistant Tarrant County
                            District Attorney
                            401 W. Belknap
                            Fort Worth, Texas 76196

                            Lisa McMinn (discretionary
                            review)
                            State Prosecuting Attorney
                            P.O. Box 12405
                            Austin, Texas 78711

**TABLE OF CONTENTS**

PAGE

IDENTITY OF JUDGE, PARTIES, AND COUNSEL. . . . . 2

TABLE OF CONTENTS. . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . 7

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . 8

QUESTIONS FOR REVIEW
    QUESTION NUMBER ONE: (The convictions on Count
    I, Count II, and Count III are for the same
    offense for double jeopardy purposes).
    QUESTION NUMBER TWO:  The trial court had
    no jurisdiction in this case because the
    prior jurisdictional judgment was on appeal
    and was, therefore, not a final judgment.
    QUESTION NUMBER THREE:   The trial court
    erred by denying Appellant's motion for
    directed verdict.
    QUESTION NUMBER FOUR: The trial court erred
    by denying Appellant's motion to quash the
    indictment.
    QUESTION NUMBER FIVE: The trial court erred
    by sustaining the State's relevance motion
    to Appellant's proffered evidence that the
    commitment order was on appeal. . . . . . .  8

STATEMENT OF FACTS . . . . . . . . . . . . . . . 9

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . 11

PRAYER . . . . . . . . . . . . . . . . . . . . . 40

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 40

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . 41

# INDEX OF AUTHORITIES

## CASES

*Austin v. State,*
    P.D. 14 (Tex.Crim.App., delivered March 18, 2015).37

*Bohannan V. State,*
    2014 Tex.App.Lexis 11825 (Tex. App.—Beaumont,
    delivered October 29, 2014, no pet.). . . . . 34, 38

*Boykin v. State,*
    818 S.W.2d 782 (Tex.Crim.App. 1991). . . . . . . .31

*Duckett v. State,*
    454 S.W.2d 755 (Tex.Crim.App. 1970) . . . . . . . 14

*Ex Parte Jimenez,*
    361 S.W.3d 679 (Tex.Crim.App. 2012). . . . . . . 32

*Ex Parte Manuel Cavazos,*
    203 S.W.3d 333 (Tex.Crim.App. 2006). . . . . .13, 15

*Fletcher v. State,*
    214 S.W.3d 5 (Tex.Crim.App. 2007). . . . . . . .33

*Giesberg v. State,*
    984 S.W.2d 245 (Tex.Crim.App. 1998). . . . . . . .38

*Gongora v. State,*
    916 S.W.2d 570 (Tex.App.—Houston 1st dist.
    1996, PDRR) . . . . . . . . . . . . . . . . . 12, 15

*Gonzalez v. State,*
    8 S.W.3d 640 (Tex.Crim.App. 2000). . . . . . . .14

*Holberg v. State,*
    38 S.W.3d 137 (Tex.Crim.App. 1987) . . . . . . .20

*Jordan v. State,*
    36 S.W.3d 871 (Tex.Crim.App. 2001) . . . .20, 21, 23

*Lopez v. State,*
    108 S.W.3d 293 (Tex.Crim.App. 2003) . . . . . 13, 15

*Milburn v. State,*
    201 S.W.3d 749 (Tex.Crim.App. 2006) . . . . . . .21

*Mobley v. State,*
    2008 WL 4414254 (Tex.App.—Texarkana 2008,
    no pet.) . . . . . . . . . . . . . . . . . . . . . .13

*Rabb v. State,*
    730 S.W.2d 751 (Tex.Crim.App. 1987) . . . . . . . 20

*Smith v. Doe,*
    538 U.S. 84, 101, 123 S.Ct. 1140, 155
    L.Ed.2d 164 (2003) . . . . . . . . . . . . . . . .18

*Smith v. State,*
    2014 Tex.App.Lexis 10117 (Tex.App.—Beaumont.
    Delivered September 10, 2014, no pet.). . . . 36, 37

*State v. Baker,*
    761 S.W.2d 465 (Tex.App.—Eastland, 1988,
    no pet.) . . . . . . . . . . . . . . . . . . 12, 15

*State v. Johnson,*
    219 S.W.3d 386 (Tex.Crim.App. 2007). . . . . . . 30

*Stevenson v. State,*
    2015 Tex. App. LEXIS 387 (Tex.App.—Fort Worth
    2015). . . . . . . . . . . . . . . . . . . . . . 29

*Tamez v. State,*
    980 S.W. 2d 845 (Tex.Crim.App. 1998) . . . . . . 22

**STATUTES**

*Tex.Health and Safety Code,*
 Chapter 841. . . . . . . . . . . . . . . . . . . 28, 32

*Tex.Health and Safety Code,*
 §841.085 . . . . . . . . . . . . . . . . . . . . 13

*Tex.Health and Safety Code,*
 §841.062. . . . . . . . . . . . . . . . . . . . . .28

*Tex.Health and Safety Code,*
 §841.062(a). . . . . . . . . . . . . . . . . . . 31

*Tex.Health and Safety Code,*
 §841.081(a). . . . . . . . . . . . . . . . . . 29, 30

*Tex.Health and Safety Code,*
 §841.082. . . . . . . . . . . . . . . . . . . . 28

*Tex.Health and Safety Code,*
 §841.085(a). . . . . . . . . . . . 29, 30, 32, 34, 36

**Rules**

*Tex. R. App. P.,*
 11. . . . . . . . . . . . . . . . . . . . . . . . 28

*Tex. R. App. P.*
 25.2(g) . . . . . . . . . . . . . . . . . . 20, 24

**Other Authorities**

Acts 1999, 76th Leg., ch. 1188, § 4.01. . . . . . . 31

Acts 2007, 80th Leg., ch. 1219, § 8. . . . . . . . 31

PD-0122-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

ERIC DWAYNE STEVENSON v. THE STATE OF TEXAS

On Discretionary Review
Of Appeal No. 02-13-00537-CR
In the Second Court of appeals of Texas
at Fort Worth

_____

**APPELLANT'S BRIEF**

_____

TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS:

**STATEMENT OF THE CASE**

This appeal has resulted from a criminal prosecution for violation of civil commitment requirements for sexually violent predators. (C.R. Vol. 1, p. 123). The jury was charged on three separate counts of the same offense. (C.R. Vol. 1, p. 104). Appellant was found guilty on all three counts by a jury. The jury assessed punishment at

seventeen years on each count.  (C.R. Vol. 1, p. 123-138).

**STATEMENT REGARDING ORAL ARGUMENT**

This Court's order granting Mr. Stevenson's discretionary review petition stated that oral argument would not be permitted.

QUESTIONS PRESENTED

QUESTION NUMBER ONE:  The convictions on Count I, Count II, and Count III are for the same offense for double jeopardy purposes.

QUESTION NUMBER TWO:  The trial court had no jurisdiction in this case because the prior jurisdictional judgment was on appeal and was, therefore, not a final judgment.

QUESTION NUMBER THREE:  The trial court erred by denying Appellant's motion for directed verdict.

QUESTION NUMBER FOUR: The trial court erred by denying Appellant's motion to quash the indictment.

QUESTION NUMBER FIVE: The trial court erred by sustaining the State's relevance objection to

8

Appellant's proffered evidence that the commitment order was on appeal.

**STATEMENT OF FACTS**

After being found to be a sexually violent predator, the Appellant was sent to a halfway house in Tarrant County. After a short time, he decided to remove his ankle monitor, leave the facility, and visit his child and the child's mother. (R.R. Vol. 4, p. 45-49). He was arrested some four hours later at the home of his child and the child's mother. (R.R. Vol. 4, p. 94). Based on this, he was subsequently charged with several counts of violation of a civil commitment order by a sexually violent predator. (C.R. Vol. 1, p. 5-7).

**SUMMARY OF THE ARGUMENT**

The convictions on Count I, Count II, and Count III are for the same offense for double jeopardy purposes. Appellant was convicted of three separate counts of the same offense. (C.R. Vol. 1, p. 123-139). Therefore, two of the three counts are barred

9

under the double jeopardy provisions of the Texas and Federal Constitutions.

Furthermore, the trial court had no jurisdiction in this case because the prior jurisdictional judgment was on appeal and was, therefore, not a final judgment. The said jurisdictional judgment which found that Appellant was a sexually violent predator was on appeal at the time this case was tried. The mandate issued on December 3, 2013, which was five weeks after the trial of this case. Therefore, the trial court had no jurisdiction to hear the case, and the convictions should be reversed. For these same reasons, the trial court erred in denying Appellant's motion to quash the indictment, denying Appellant's motion for directed verdict, and by sustaining the State's relevance objection to Appellant's proffered evidence that the commitment order was on appeal.

Also, the elements of the non-penal-code

10

criminal offense defined in Section 841.085(a) of Chapter 841 of the Texas Health and Safety Code are that a person violates a civil commitment requirement "after having been adjudicated and civilly committed as a sexually violent predator." It cannot be said that there is any evidence (or that there is legally sufficient evidence) to support a person's conviction under Section 841.085(a) when the evidence conclusively and undisputedly establishes that this person was not an "adjudicated" sexually violent predator when he allegedly violated a civil commitment requirement. And this person cannot have this status of an "adjudicated" sexually violent predator until his commitment order is final.

**ARGUMENT QUESTION NUMBER ONE**

QUESTION NUMBER ONE RESTATED: The convictions on Count I, Count II, and Count III are for the same offense for double jeopardy purposes.

11

APPLICABLE LAW: Due to the fact that the statute that allows for civil commitment for sexually violent predators is relatively new, there are no cases specifically on point. Therefore, the Court of Appeals used a case that has nothing to do with a civil commitment order in order to overrule Appellant's first issue, stating that each separate violation of the commitment order is a separate offense. The case was a loan fraud case and is in no way on point. However, there are cases involving analogous situations. The law relating to double jeopardy when multiple convictions are handed down at the same time, as in this case, is well-developed. For example, two separate convictions for possession of marijuana and delivery of the same marijuana is a violation of the double jeopardy provisions of the Texas and United States Constitutions. Gongora v. State, 916 S.W.2d 570, 577 (Tex.App.—Houston 1st Dist. 1996, PDRR), State v. Baker, 761 S.W.2d 465, 467 (Tex.App.—Eastland, 1988, no pet.), Lopez v.

State, 108 S.W.3d 293, 300 (Tex.Crim.App. 2003). Also, two separate convictions for Burglary of a Habitation when there is two victims but only one unlawful entry is also barred by the double jeopardy provisions of the Texas and United States Constitutions. Ex Parte Manuel Cavazos, 203 S.W.3d 333,337 (Tex.Crim.App. 2006). An unpublished memorandum opinion out of the Texarkana Court of Appeals cited Cavazos for the same proposition. The case, while not authoritative, could be helpful. Mobley v. State, 2008 WL 4414254 (Tex.App.—Texarkana 2008, no pet.).

A double jeopardy complaint that a defendant was convicted of the same offense multiple times during the same trial can be raised for the first time on appeal, as is cited below:

> . . . because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate

> state interest. Gonzalez v. State, 8 S.W.3d 640, 643 (Tex.Crim. App. 2000).

The Court in Gonzalez went on to say that when the two disputed convictions occurred in the same court, on the same day, before the same judge, and were based on the same evidence, as was the case in Duckett v. State, 454 S.W.2d 755 (Tex.Crim.App. 1970), there is clearly no state interest that would be served by requiring an objection in order to preserve the jeopardy issue. Gonzalez v. State, 8 S.W.3d 640, 643 (Tex.Crim. App. 2000).

When multiple convictions result from one trial for similar or identical offenses, the question of whether the double jeopardy provisions are violated is determined by looking at the legislative intent as to the allowable unit of prosecution.

The allowable unit of prosecution for burglary is the unlawful entry, while the allowable unit of prosecution for an assaultive offense is each complainant, as is cited below:

14

> The allowable unit of prosecution for an assaultive offense is each complainant. . . Burglary, however, is not an assaultive offense; rather, its placement within Title 7 indicates that the legislature determined burglary to be a crime against property. Thus, the complainant is not the appropriate allowable unit of prosecution in a burglary; rather, the allowable unit of prosecution in a burglary is the unlawful entry. Applicant's convictions violate double jeopardy because he was punished multiple times for a single unlawful entry. Ex Parte Manuel Cavazos, 203 S.W.3d 333,337 (Tex.Crim.App. 2006).

The following is another example: The allowable unit of prosecution in a drug case is the illegal substance. Gongora v. State, 916 S.W.2d 570, 577 (Tex.App.—Houston 1st Dist. 1996, PDRR), State v. Baker, 761 S.W.2d 465, 467 (Tex.App.—Eastland, 1988, no pet.), Lopez v. State, 108 S.W.3d 293, 300 (Tex.Crim.App. 2003).

ARGUMENT: The convictions on Count I, Count II, and Count III were for the same offense for double jeopardy purposes. Appellant was convicted of three separate counts of violation of civil commitment requirements for sexually violent predators. Again, there are no Texas cases that

15

explore the allowable unit of prosecution in a violation of civil commitment requirements for sexually violent predators. However, it would appear that the allowable unit of prosecution would be the violation of one or more of the rules contained in the commitment order. The State will probably argue that each separate violation constitutes the allowable unit of prosecution. However, there is nothing contained in the statute that would indicate that the legislature intended multiple punishments for each separate violation of the order.

Chapter 841 of the Health and Safety Code provides the regulations for civil commitment of sexually violent predators. Section 841.085 contains the criminal penalty for the offense:

> (a) A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082(b) An offense under this section is a felony of the third degree. . . (Texas Health and Safety Code §841.085).

Above-mentioned Section 841.082 provides a list of seven requirements that must be included in the order. There is an eighth requirement listed, which is any other requirements determined necessary by the judge. Some of the eight mandatory requirements listed in the statute are written very broadly, which indicates that the listed requirements could actually number a lot more than eight. For example: The requirement four states that the person must comply with all written requirements imposed by the case manager or otherwise by the Office of Violent Sex Offender Management. These requirements could be numerous. If the legislature intended that each violation of these numerous requirements could be a separate offense, it would appear that they would have specifically stated so. After all, failure to comply with any one of the requirements would most likely not be illegal for anyone who had not been found to be a sexually violent predator under the statute. It would not be fundamentally fair to

17

impose multiple felony punishments for what would usually be very minor infractions of the rules. Doing so would be like allowing multiple convictions in a probation revocation proceeding because the probationer violated multiple conditions of probation. A 2003 United States Supreme Court case contains language that substantiates this argument. The Court stated that a sex offender who fails to comply with the reporting requirements may be subjected to a criminal prosecution for that failure. Smith v. Doe, 538 U.S. 84, 101,102, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). The language is that if one fails to comply with the requirements, he or she may be subjected to a *[one]* criminal prosecution. 'Criminal prosecution' is singular which indicates only *one* single prosecution for multiple violations. The multiple punishments in this case violate double jeopardy, and two of the three convictions should be vacated.

In the instant case, Trial Counsel did not object to the jeopardy violation. However, the jeopardy violation is clear from the face of the record, and there is no State interest in requiring an objection in order to preserve error when the two convictions happened on the same day, in the same court, and in front of the same judge. Two of the cases are barred under double jeopardy provisions. Therefore, the cases should be reversed.

**ARGUMENT QUESTION NUMBER TWO**

QUESTION NUMBER TWO RESTATED: The trial court had no jurisdiction in this case because the prior jurisdictional judgment was on appeal and was, therefore, not a final judgment.

APPLICABLE LAW: It is well-settled that a jurisdictional challenge may be raised for the first time on appeal. Rabb v. State, 730 S.W.2d 751, 752 (Tex.Crim.App. 1987), Holberg v. State, 38 S.W.3d 137, 139 n.9 (Tex.Crim.App. 1987). When a criminal conviction is on appeal, the judgment is not a final

19

judgment until the appellate court affirms the conviction and issues its mandate. Jordan v. State, 36 S.W.3d 871, 875 (Tex.Crim.App. 2001). A trial court does not have jurisdiction over a case until the mandate has issued. (Tex. Rules App. Proc., §25.2 (g).

Due to the fact that the statute which allows for civil commitment for sexually violent predators is relatively new, there are no cases specifically on point. However, there are cases involving analagous situations. The law is clear that convictions must be final convictions in order to be used for enhancement purposes. The courts have followed this rule even when the word 'final' is not included in the applicable statute. Jordan v. State, 36 S.W.3d 871, 873 (Tex.Crim.App. 2001). Also, convictions must be final convictions before the convictions can preclude a person from getting probation. Jordan v. State, 36 S.W.3d 871, 874

(Tex.Crim.App. 2001), Milburn v. State, 201 S.W.3d 749 (Tex.Crim.App. 2006).

Probably the most analagous situation deals with DWI cases that are felony offenses because the defendant has two prior DWI convictions. The prior convictions must be final convictions. If a prior DWI conviction is on appeal, it is not a final conviction. Jordan v. State, 36 S.W.3d 871, 875 (Tex.Crim.App. 2001). However, the burden is on the defendant to demonstrate that a judgment which seemed regular on its face was not in fact final at the relevant point in time, by showing that a motion for new trial or a notice of appeal had been filed. Milburn v. State, 201 S.W.3d 749, 753 (Tex.Crim. App. 2006). A prior DWI conviction used to enhance a misdemeanor DWI to that of a felony is jurisdictional because the felony court would not have jurisdiction over the DWI without the enhancement conviction. Tamez v. State, 980 S.W. 2d 845, 847 (Tex.Crim.App. 1998). Likewise, in a criminal prosecution for a

violation of a commitment order of a sexually violent predator, the trial court would not have jurisdiction over the case absent the civil commitment judgment. The existence of the civil commitment is an essential element of the offense, just as the prior DWI convictions are essential elements of a felony DWI prosecution. Tamez v. State, 980 S.W.2d 845, 847 (Tex.Crim.App. 1998).

ARGUMENT: The trial court had no jurisdiction in this case because the prior jurisdictional judgment was on appeal and was, therefore, not a final judgment. The prosecution may argue that the civil commitment order is not a criminal conviction, and, therefore, the law as to the finality of criminal convictions is inapplicable. However, such an argument would not take into account the fact that the existence of a civil commitment is an essential element of the offense, just as the prior DWI convictions are essential elements of a felony DWI prosecution. The whole purpose of the finality

22

requirements is to stimulate reliability and uniformity. "The finality concept exists in part to prevent the necessity of a trial judge being placed in the position of trying to predict what an appellate court might do in a pending case and to prevent their judgments from being overturned because of subsequent events that occur in a pending case." Jordan v. State, 36 S.W.3d 871, 875 (Tex.Crim.App. 2001). The Jordan opinion also indicates that allowing a felony conviction to occur, when there is a possibility of acquittal on the appeal of the underlying judgment, would be problematic and unjust. In trial, the prosecutor for the State argued to the trial judge that the commitment statute states that the commitment order is effective immediately on entry of the order. It is true that Section 84.081 states just that. However, it does not state anything about whether a pending appeal stays any enforcement rights created by the statute. When criminal defendants are placed

23

on probation, the conditions of probation are also effective immediately. Nonetheless, the perfection of an appeal, followed by the filing of the record, stays any further actions of the trial court in the case until the appeals court affirms the conviction and mandate is issued. (Texas Rules of App. Proc. §25.2g). This statute exists to stimulate uniformity and reliability. This legitimate interest is just as prevalent in the instant case as in probation cases.

The State would like to argue that the Appellant failed to preserve the issue for appeal because he did not get a copy of the notice of appeal of the commitment order into the record. That argument would be misplaced because Appellant did get the notice of appeal admitted during the hearing on his motion to quash the indictment. (R.R. Vol. 2, p. 4). It was admitted without objection. Appellant also made multiple attempts to get evidence of the appeal in the record during trial. Trial Counsel

asked a witness if she was aware that Appellant had filed a notice of appeal of the commitment order. The trial judge granted the State's relevancy objection. (R.R. Vol. 4, p. 68). Again, Appellant filed a motion to quash the indictment and had a pre-trial hearing on the motion which was based on the appeal issue. The trial judge denied the motion. (R.R. Vol. 2, p.1-10). After the State rested, Appellant made a motion for directed verdict again arguing that the commitment order was on appeal and that the trial court had no jurisdiction. (R.R. Vol. 5, p. 8-10). The commitment order was still on appeal at the time of this trial and was, therefore, not a final order. Therefore, the trial court had no jurisdiction over the case, and the conviction should be reversed.

**ARGUMENT QUESTION NUMBER THREE**

Question Number Three Restated: In addressing Appellant's evidentiary sufficiency challenge through his motion for directed

verdict on the basis that there was no final civil commitment order, the Fort Worth Court of Appeals erred by deciding that "the issuance of mandate of that order was not a necessary precondition for imposing criminal sanctions for its disobedience."

The trial court erred by denying Appellant's motion for directed verdict. (R.R. Vol. 5, p. 8-10). At the time of the hearing on the motion, the commitment order was not final because it was on appeal. Therefore, the trial court had no jurisdiction over the case, and the motion for directed verdict should have been granted. The analysis is the same as in Question Two, and will not be repeated here. However, even without considering the jurisdictional argument, the language of the commitment statute indicates that criminal penalties are not warranted unless the person is adjudicated and civilly commited as a

sexually violent predator prior to his or her violations of the commitment order.

It should be noted that John C. Moncure, with the State Counsel for Offenders, filed an Amicus Curiae Brief in this Cause. Appellate Counsel is in agreement with the Amicus Curiae Brief and hereby adopts the analysis. Out of an abundance of caution, the remainder of this argument for Question Three is taken from the Amicus Curiae Brief and is included herein.

A person is not adjudicated until the appeal on the matter is completed and mandate has issued. The criminal penalty provision for imprisoning a civilly committed person under Chapter 841 is set out in Section 841.085(a), and it defines the elements of this criminal offense as:

> A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082.

As originally enacted in 1999, this criminal

27

penalty provision provided that a "person commits an offense if the person violates a requirement imposed under Section 841.082." See Acts 1999.

The Fort Worth Court of Appeals decided that "the issuance of mandate of [Mr. Stevenson's civil commitment] order was not a necessary precondition for imposing criminal sanctions for its disobedience" (i.e., he could be criminally prosecuted for violating this order before it became final) because this order was "effective immediately on entry of the order" which could not be superseded by the filing of a notice of appeal or by any provision in the rules of civil procedure. See Stevenson, 2015 Tex. App. LEXIS 387 at *4. It is true that a person can be civilly committed immediately upon entry of the civil commitment order under Section 841.081(a) and thus be required to abide by all the rules of civil commitment even before his appeal from that order becomes final and while his appeal from that order

28

is still pending. However, just because a commitment order is effective immediately upon entry, it does not mean that criminal penalties can be imposed for failure to follow the order. According to the statute, criminal penalties can be imposed only after the person has the status of an "adjudicated" sexually violent predator. And that can happen only when the order becomes final.

The resolution of this question turns on a construction of the term "adjudicated" in Section 841.085(a), as it is clear from the plain language of Section 841.085(a,) that a person cannot be criminally prosecuted for violating a civil commitment requirement unless he has the status of an "adjudicated" sexually violent predator when this violation occurs. Any doubt about the construction of the term "adjudicated" must be resolved in Mr. Stevenson's favor. See State v. Johnson, 219 S.W.3d 386, 388 (Tex. Crim. App. 2007) (Non-penal-code criminal statutes must be

strictly construed with any doubt resolved in the accused's favor).

In construing the term "adjudicated," it is not dispositive that a civil commitment order is "effective immediately" upon its entry under Section 841.081(a,) at which time the person is considered to be civilly committed, as this only satisfies Section 841.085(a)'s element that this person had been "civilly committed as a sexually violent predator." This does not mean that the person also had the status of an "adjudicated" sexually violent predator. Also, by using the term "adjudicated," the Legislature had to have intended for the person's status to be something more than "civilly committed as a sexually violent predator." The term "adjudicated" has a very specific meaning, and it seems obvious that the legislature would be cognizant of that fact. See Boykin v. State, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991). It seems apparent that the Legislature meant for the term

"adjudicated" to include an appeal and issuance of the appellate court's mandate. 76th Leg., ch. 1188, § 4.01. This criminal penalty provision was amended to its current version in 2007. See Acts 2007, 80th Leg., ch. 1219, § 8. See id.

Other provisions in Chapter 841 also support this construction of "adjudicated." In describing the Chapter 841 adjudicatory process in Section 841.062 entitled "DETERMINATION OF PREDATOR STATUS," the Legislature provided in Section 841.062(a) that the factfinder must make this determination beyond a reasonable doubt. The Legislature also provided in Section 841.062(a) that a person "is entitled to appeal the determination [of predator status]." This shows that the Legislature intended that an appeal be part of the adjudicatory process under Chapter 841 for determining a person's predator status.

This is also consistent with this Court's decision in Ex Parte Jimenez, 361 S.W.3d 679 (Tex.

31

Crim. App. 2012). The issue in Jimenez was whether the defendant's felon-in-possession-of-a-firearm conviction was "void" because the defendant later successfully challenged in a habeas corpus proceeding his predicate felony conviction (rape of a child) that established his status as a "convicted" felon in the firearm case. See Jimenez, 361 S.W.3d at 681-82. This Court decided that Jimenez' felon-in-possession-of-a-firearm conviction could not be "void" because he had the status of a "convicted" felon when he possessed the firearm. See Jimenez, 361 S.W.3d at 682-684.

It is likely that this Court would have decided this question differently in Jimenez had the State prosecuted Jimenez on the felon-in-possession-of-a-firearm charge while Jimenez' appeal from the judgment in the predicate felony (rape of a child) was still pending, since this would prevent Jimenez from having the status of a "convicted" felon when he possessed the firearm.

32

See Fletcher v. State, 214 S.W.3d 5, 6 (Tex. Crim. App. 2007) (i.e. A "conviction" from which an appeal has been taken is not considered a "final conviction" until the "conviction" is affirmed by the appellate court, and that court's mandate of affirmance becomes final). Similarly, a person should not be considered to have the status of an "adjudicated" sexually violent

predator while his civil commitment appeal is still pending.

Michael Wayne Bohannan's case should also be instructive in construing the term "adjudicated." Mr. Bohannan was convicted of one count of violating Section 841.085(a) and was assessed an enhanced sentence of life in prison, based on multiple violations of a civil-commitment order that the Beaumont Court reversed in Bohannan's appeal in the civil commitment case, because the trial court excluded the testimony of Bohannan's

only expert witness. (Bohannan's civil commitment case turned almost exclusively on the testimony of two of the State's expert witnesses.) See Bohannan v. State, 2014 Tex. App. LEXIS 11825 at **3-6 (Tex. App.—Beaumont, delivered October 29, 2014, no pet.) (mem. opinion). All of these violations occurred during the pendency of Bohannan's appeal in the civil commitment case, and some of them even occurred after the Beaumont Court decided that Bohannan's judgment in the civil commitment case should be reversed. See Bohannan, 2014 Tex. App. LEXIS 11825 at *4 (The Beaumont Court decided that Bohannan's civil commitment judgment should be reversed on July 22, 2010, and Bohannan's indictment in the criminal case alleged that Bohannan violated this civil commitment judgment on numerous occasions between February 14, 2009 and April 24, 2011). The State did not re-prosecute Bohannan in the civil commitment case upon issuance of the Beaumont Court's mandate in that

34

case, apparently because of the life sentence Bohannan received in the criminal case.

The Legislature could not have possibly intended for a person like Bohannan to be sent to prison for life for violating a non-final, reversed-on-appeal civil commitment order that no one can be sure should have ever been entered in the first place, because the trial court prevented this person from presenting a defense when it excluded his only expert and because the State decided not to re-prosecute the civil commitment case once the State obtained a lengthy prison sentence in the criminal case. Construing the term "adjudicated" in Section 841.085(a) to include an appeal and issuance of the appellate court's mandate would prevent this from happening in the future.

The Beaumont Court recently handed down an opinion that could be read as deciding that a person's status as an "adjudicated" sexually

35

violent predator when he violated the civil commitment requirements is a defensive issue and not an element of the offense that the State is required to prove under Section 841.085(a). See Smith v. State, 2014 Tex. App. LEXIS 10117 (Tex. App.—Beaumont, delivered September 10, 2014, no pet.) (mem. opinion). According to the Beaumont Court's opinion in Smith, Smith filed a motion to quash his indictment, claiming (as Mr. Stevenson does in this case) that he could not be criminally prosecuted for violating a civil commitment order that was non-final and still on appeal. See Smith, 2014 Tex. App. LEXIS 10117 at *3. The Beaumont Court, however, reframed this issue and decided, "Smith's argument that he was not required to comply with an order that had been appealed is a defensive theory that is not relevant to whether the indictment should have been quashed." See Austin v. State, No. PD-1431-14 (Tex.Crim.App., delivered March 18, 2015) (per curiam opinion not

36

designated for publication) (court of appeals "erroneously re-framed the issue raised" when it should have addressed the argument that was actually raised).

The Beaumont Court's opinion in Smith should have no precedential value in deciding the issue presented here, as this decision did not address *this* issue. With respect to the issue that it did address, no claim has been made in this case that Mr. Stevenson "was not required to comply with an order that had been appealed." The claim is that he cannot be criminally prosecuted for violating the order. To the extent that the Beaumont Court's decision in Smith could be read to suggest that the issue presented here is a defensive issue, this decision is contrary to well-settled law. See generally Giesberg v. State, 984 S.W.2d 245 (Tex. Crim. App. 1998) (The case discusses what does and does not constitute a defensive issue).

Without any analysis or citation to any

authority, the Beaumont Court also stated in Bohannan's appeal in his criminal case, for violating the civil commitment order, that Bohannan violated this civil commitment order "at a time when Bohannan had the status of a sexually violent predator." See Bohannan, 2014 Tex.App. LEXIS 11825 at *6. This statement, however, is dicta and of no precedential value, as no issue of Bohannan's status as a sexually violent predator (much less an "adjudicated" sexually violent predator) was ever raised in that case, and this statement was not necessary to the decision in that case.

**ARGUMENT QUESTION NUMBER FOUR**

Question Number Four Restated: The trial court erred by denying Appellant's motion to quash the indictment. (R.R. Vol. 2, p.4-11).

At the time of the hearing on the motion, the commitment order was not final because it was on appeal. The analysis in this issue is the same as

Questions Number Two and Three. Therefore, the argument will not be repeated.

**ARGUMENT QUESTION NUMBER FIVE**

Question Number Five Restated: The trial court erred by sustaining the State's relevance motion to Appellant's proffered evidence that the commitment order was on appeal. (R.R. Vol. 4, p. 68).

At the time of the trial, the commitment order was not final because it was on appeal. The analysis in this issue is the same as Questions Number Two and Three. Therefore, the argument will not be repeated.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Eric Dwayne Stevenson, Appellant, prays that the convictions be reversed and for whatever other relief he has shown himself entitled.

Respectfully Submitted,

s/Scott Walker

_____
By: Scott Walker, Attorney
222 W. Exchange Avenue

39

Fort Worth, Texas 76063
(817) 478-9999
(817) 977-0163
scott@lawyerwalker.com

**CERTIFICATE OF SERVICE**

A copy of this brief was delivered to the Office of the Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas, and to the State Prosecuting Attorney, P.O Box 12405, Austin, Texas 78711 by first class mail on the 23rd day of June, 2015.

s/Scott Walker

_____
Scott Walker

**CERTIFICATE OF COMPLIANCE**

I hereby certify that I have complied with the font and word count requirements under Texas law pertaining to the filing of documents in appellate matters. This document contains 6,235 words.

s/Scott Walker

_____
Scott Walker

40